DIVAN, Executor, etc., Respondent, vs. LOOMIS and others, Appellants.

*January 13 — February 1, 1887.*

*(1) Pleading: Demand and refusal. (2) Personal agreement.*

1. An allegation of a refusal is equivalent to an allegation of a demand and refusal.
2. An oral agreement by the grantee of land, in consideration of the conveyance, to furnish a home to the grantor and to care for and support him during his life, is a *personal* agreement.

APPEAL from the Circuit Court for *Green* County.

The action was brought by Hiram Smith. After the defendants had appealed to this court he died and the cause was revived in the name of his executor, *Henry Divan.* The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an appeal from an order overruling a demurrer to the complaint, alleging, in effect, that May 27, 1884, Hiram Smith owned and was in the possession of the land in question, which was partly cultivated, with a dwelling-house and other buildings thereon; that said Smith was then seventy-four years of age, and in feeble health, and with very poor eye-sight, and with no family, wife, child, or domestic servant; that, in order to provide ways and means of being cared for in his old age, he proposed to the defendants *Loomis* and wife, in whom he had great confidence, to deed to *John Loomis* said land, and for them to move upon the same, and occupy it as their home, and remain upon it as such as long as said Smith should live, and he, during that time, to live in the house on the premises, and they to furnish him with a home, and take care of him, and remain on or near the premises during his life-time, and to assist him whenever called upon so to do; that *Loomis* and wife thereupon accepted said proposition,

and he thereupon executed and delivered to *John Loomis* a warranty deed of said lands, reciting a consideration of $6,000, without anything being paid or agreed to be paid, which deed was recorded June 3, 1884; that *Loomis* and wife wholly and positively refused to perform their said agreement, or to do anything for the care, support, or maintenance of him, or furnish him any place to live, but on the contrary, July 13, 1885, sold and conveyed by deed to the defendant *Trickle* a large portion of said land, for which *Loomis* received, or was to receive, from *Trickle*, $1,800, which deed was recorded August 1, 1885; that *Trickle* took and received said deed with full knowledge of all the facts and circumstances above stated and the terms and conditions of the said agreement between Smith and *Loomis;* that *Loomis* gives out and states and is ready and about to sell and convey the remainder of said land to said *Trickle*, who states and gives out that he is about to buy the same; that said *Loomis* and wife will thereupon move to the state of Minnesota, and there remain permanently; that *Loomis* refuses absolutely to make any compensation whatever for said land. The prayer of the complaint is to the effect that each of said deeds be set aside and canceled and the land reconveyed to Smith, or that the $6,000 mentioned as the consideration in his deed to Loomis be adjudged to be the purchase price thereof, and a vendor's lien therefor be adjudged and the land sold to satisfy the payment thereof, and for a temporary injunction, and for general relief and costs.

For the appellants there was a brief by *A. S. Douglas* and *P. J. Clawson*, and oral argument by *Mr. Douglas.*

For the respondent there was a brief by *Dunwiddie & Goldin*, and oral argument by *Mr. Dunwiddie.*

CASSODAY, J.   It is said that the complaint is insufficient because it fails to aver any request of *Loomis* to comply

with the terms of the alleged agreement. An allegation of refusal implies a previous demand, and is equivalent to an allegation of a demand and a refusal. *Hammond v. Mason & H. O. Co.* 92 U. S. 724; *Bogie v. Bogie*, 41 Wis. 220. This being so, the breach is sufficiently alleged. Such agreement to furnish Smith a home, and to take care of and assist him to live in a comfortable manner, was personal upon the part of *Loomis*, and could not be shifted onto *Trickle*, against the will and consent of Smith.

*By the Court.*— The order of the circuit court is affirmed.