# Cases Argued and Determined

IN THE

# SUPREME COURT

OF THE

# STATE OF SOUTH DAKOTA.

---

### SANDS v. CRUICKSHANK, *et al.*

1. When notice of appeal has been duly served, and an undertaking executed, the supreme court has jurisdiction of the appeal, and may entertain a motion to dismiss, based on facts appearing of record, and presented by an abstract filed by respondent, although the record has not yet been filed; but, before considering such motion, appellant, if he desires, will be permitted to file an additional abstract.

2. A notice of appeal, stating that the appeal is taken from an order entered in the action on a certain date, granting a new trial, "and from any judgment or order made thereon and from the whole thereof," is not defective for duplicity, as, if it be construed as including an appeal from a judgment entered upon the order, no appeal from the order itself is necessary, and the language referring thereto will be disregarded, as surplusage.

3. Laws 1887, Chap. 20, of the Territory of Dakota (Comp. Laws, § 5213 *et seq.*) was a revision of the entire subject-matter of appeals to the supreme court, including the judgments to be entered therein and the

Vol. 12, S. D.—1

manner of carrying them into effect, and operated to repeal by implication the provision of Code Civ. Proc. 1877, § 22, that no appeal from an order granting a new trial should be effectual unless the notice of appeal contained an assent on the part of the appellant that, if the order should be affirmed, judgment absolute should be entered against him, and requiring the supreme court, on the affirmance of such an order, to render judgment accordingly.

(Opinion filed July 26, 1899.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by Martin Sands against Alexander Cruickshank and another. Plaintiff appeals from an order granting a new trial. Heard on motion to dismiss appeal. Motion denied.

*William R. Steele, Frank McLaughlin,* and *Ivan W. Goodner,* for appellant.

*Moody, Kellar & Moody* and *Horner & Stewart,* for respondents.

HANEY, J. Respondents noticed two motions to dismiss this appeal. When they were called for hearing, appellant appeared specially, and objected to the hearing of either motion on the ground that the record had not been transmitted to the clerk of this court, and also objected to the hearing of one of the motions on the ground that notice thereof had not been served at least eight days before the day appointed for the hearing, as required by the rules of this court. The latter objection was sustained. Smith v. Hawley, 11 S. D. 399, 78 N. W. 355. Thereupon appellant asked leave to file an additional abstract, to which respondents objected. The objection was overruled, and respondents were given time to consider the contents of the additional abstract. Subsequently respond-

ent's remaining motion was argued, the court having overruled appellant's objection to its being heard on the ground that the record had not been received by the clerk of this court, and this motion to dismiss was taken under advisement. Upon the argument of the remaining motion, counsel for appellant asked leave to file a new undertaking in the event that respondents' motion should be denied upon other grounds than the alleged defects in the undertaking.

Appellants ojection that the record had not been transmitted to this court (it has since been received) was properly overruled. By Comp. Laws, §5215, it is provided that "the appeal shall be deemed taken by the service of the notice of appeal and perfected on service of the undertaking for costs." And Section 5219 provides, "To render an appeal effectual for any purpose an undertaking must be executed on the part of the ' appellant." When the notice of appeal is duly served, and an undertaking executed, this court has jurisdiction of the appeal, although the appeal may not be perfected by the performance of all the acts specified in the statute. Mather v. Darst, 11 S. D. 480, 78 N. W. 954. This court having acquired jurisdiction of the action, and the record being under its control, we can discover no valid reason why the facts, if they appear of record, upon which a motion to dismiss the appeal are predicated, should not be presented by means of an abstract; and, if such practice be proper, the appellant certainly should be allowed to file an additional abstract, when not satisfied with the abstract of respondents.

This brings us to a consideration of the merits of the motion to dismiss. The grounds of the motion are as follows: "(1) That said attempted appeal is fatally defective and irregular,

for duplicity; (2) that the notice of appeal herein undertakes to appeal 'from the order of said court entered herein on the 14th day of September, A. D., 1898, granting the defendants a new trial herein, and from any judgment or order made thereon, and from the whole thereof'; that said notice of appeal refers to, and undertakes to appeal from, separate and distinct orders, in addition to the judgment entered herein, and is therefore a double appeal; (3) that said appellant undertakes by said notice of appeal to 'appeal to the supreme court of the State of South Dakota, from the order of said court entered herein,' and not from any order of the circuit court of the eighth judicial circuit of the State of South Dakota; (4) that the attempted appeal herein is from an order granting a new trial, and that the notice of appeal does not contain an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against appellant, as is provied by law, and the said notice is fatally defective and insufficient; (5) the undertaking on appeal herein does not refer to any order nor any judgment from which the appeal herein is attempted to be prosecuted; (6) that the alleg ed justification of sureties upon said undertaking is fatally defective and insufficient."

The appeal is not defective and irregular for duplicity. The notice of appeal is in the following language: "Please take notice that the above-named Martin Sands, plaintiff and appellant, appeals to the supreme court of the State of South Dakota from the order of said court entered herein on the 14th day of September, A. D., 1898, granting the defendants a new trial herein, and from any judgment or order made thereon, and from the whole thereof." We think this notice should be

construed as stating that the appeal is from the order granting a new trial, but, if it should be held to include an appeal from the judgment, it would not be defective for duplicity. "If an appeal be taken from the judgment, and the making of the order on a motion for a new trial is assigned as error, no appeal from the order is necessary; and, if an appeal from the order is taken in connection with the appeal from the judgment, it will be considered as surplusage and disregarded," in cases where the order is made before judgment. Granger v. Roll, 6 S. D. 611, 62 N. W. 970.

The third ground of the motion is untenable. The notice of appeal is entitled in the circuit court. The words "from the order of said court" clearly refer to the trial court, and not to an order of this court.

The fourth ground presents a novel and somewhat interesting question. The 1877 Code of Civil Procedure provides that the supreme court "has exclusive jurisdiction to review upon appeal every actual determination hereafter made at any regular or special terms of the district courts of this territory, in the following cases and no other: * * * In an order affecting a substantial right, made in such action, when such order * * * grants or refuses a new trial * * * ; but no appeal to the supreme court from an order granting a new trial shall be effectual for any purpose, unless the notice of appeal contain an assent on the part of the appellant that if the order be affirmed, judgment absolute shall be rendered against the appellant. Upon every appeal from an order granting a new trial, if the supreme court shall determine that no error was committed in granting the new trial, they shall render judgment absolute upon the right of the appellant; and after the pro-

ceedings are remitted to the court from which the appeal was taken, an assessment of damages or other proceedings to render the judgment effectual, may be there had, in cases where such subsequent proceedings are requisite." Code Civ. Proc. 1877, § 22. It is contended by respondents that the provisions of this section are still in force. In 1887 the legislature passed an act entitled "An act providing the method of appeals to the supreme court of the territory of Dakota." It contains 27 sections relating to appeals to the supreme court. Laws 1887, Chap. 20. It provides that "appeals to the supreme court may be taken from the district courts when no other court of appeal is provided by law;" that no writ of error shall be necessary to bring up any judgment for review before the supreme court, but any judgment or order defined in Section 23 of this act may be reviewed upon an appeal by the party aggrieved." Laws 1887, Chap. 20, §§ 1, 2; Comp. Laws, §§ 5213, 5214. Section 23 provides that "the following orders, when made by the court, may be carried to the supreme court: * * * (3) When it grants or refuses a new trial." Section 25 provides: "Upon an appeal from a judgment or order, or upon a writ of error, the supreme court may reverse, affirm or modify the judgment or order, and as to any or all of the parties; and may, if necessary, or proper, order a new trial; and if the appeal is from a part of the judgment or order, may reverse, affirm or modify as to the part appealed from. In all cases the supreme court shall remit its judgment or decision to the court from which the appeal or writ of error was taken to be enforced accordingly," Comp. Laws, §§ 5236, 5238. The provisions heretofore quoted from the Code of 1877 are not found in the act of 1887. The later act not only provides the method of appeals to the supreme

oourt, but defines what appeals may be taken. Its provisions confering power upon the supreme court to reverse, affirm or modify any order appealed from, and directing how the judgments of the supreme court shall be enforced, are in direct conflict with Section 22, Code Civ. Proc. 1877. That section was omitted from the compilation of 1887, the commissioners evidently concluding that it was repealed by the act of 1887; and, until the motion to dismiss was made in this action, the entire bar of the state have acted upon the same understanding. We think the act of 1887 revised the whole subject matter of appeals to the supreme court in civil actions, and that it operated to repeal the law relied upon by respondents, although it contains no words to that effect. State v. Welbes, 11 S. D. 86; 75 N. W. 820. As appellant has executed and tendered a new undertaking, wherein the defects, if any, of the former under taking have been cured, he will be allowed to file same, and respondents' motion to dismiss is denied.