## THOMAS KANE & CO. v. HUGHES COUNTY.

1. Since the law makes no provision for a county advertising fund, a warrant purporting to be drawn on such fund is payable out of the general fund; and hence a complaint on such warrant need not allege that there were funds in the advertising fund applicable to its payyment, or that the funds of the county had been diverted from their lawful purpose.

2. Laws 1891, c. 14, § 104, directs the county treasurer to collect the sum of 10 cents on each tract of land advertised for sale for taxes, which sum shall be paid into the treasury, and provides that the county shall pay the costs of publication, but in no case shall it be liable for more than the amount charged to the delinquent land for advertising. Section 114 provides that, whenever the county shall purchase any real estate at tax sale, no tax receipt shall be issued, and no amount due the state or any other fund, or costs, shall be paid by the county until redemption has been made from such sale. *Held*, that an answer to a complaint on warrant issued for advertising delinquent land, alleging that such warrant was drawn on the "advertising fund," and was payable only out of such fund, but failing to allege that the sale was made to the county,

does not state a defense, since the law does not recognize an advertising fund, and the exemption of the county does not apply to tax sales generally.

3. An answer to a complaint on a county warrant which alleges that the same issue was tried in a former action, to which plaintiff was not a party, and that such warrant was issued to satisfy the judgment therein, and fails to show what the issues in such action were, does not state a defense.

(Opinion filed January 24, 1900.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action by Thomas Kane & Co. against Hughes county, upon a county warrant. From a judgment for plaintiff, defendant appeals. Affirmed.

*T. P. Estes,* States Attorney, Hughes county for appellant.

When a warrant is drawn on a special fund, the cause of action accrues when there is money in such fund not otherwise appropriated. Wetmore v. Monona, 73 Iowa, 88; Grayson v. Latham, 48 Ala. 546; County v. Lunning, 133 U. S. 529.

A county cannot be sued, except where it is so provided by law. Monroe v. Flint, 6 S. E 173. Our statute only allows a county to be sued where the claim has been rejected or presented and not passed upon properly. Chapter 63, laws of 1895. Gillett v. Lyon county, 18 Kan. 410; Klein v. Board, 51 Miss. 878; State v. Banks, 6 So. 184; Fenton v. Salt Lake, 3 Utah 423; Price v. San Francisco, 6 Cal., 255.

Whoever deals with a county and takes in payment of his demand, a warrant, does so under an implied agreement that if there be no funds in the treasury out of which it can be satisfied, he will wait until the money can be raised in the ordinary method of collecting such revenue. Brewer v. County, 1 Neb.

373; Cramer v. Sacramento, 18 Cal. 384; Moody v. Cass, 85 Mo. 477.

When warrants are drawn payable out of a particular fund they create no general liability against the municipality upon which an action can be maintained. The municipality is only liable for the proper administration of that fund and when that is exhausted the liability to the holder ceases. County v. Cox, I Ind. 403; Campbell v. County, 49 Mo. 214; McCullough v. Mayor, 23 Wend, 458; Argrute v. San Francisco, 16 Cal. 255; Kingsbury v. Pettis county, 48 Mo. 207; Miller v. City, 20 Gratt. 330.

A complaint in an action against a county is demurrable where it shows on its face that the claim had been allowed and a warrant issued in payment of it. State v. Banks, 6 So. 184; 49 Iowa, 421; Klein v. Board. 51 Miss. 68 and 878; Gillett v. County, 18 Kan. 410; King v. Otoe county, 8 S. 582; Grayson v. Latham, 4 So. 200; Brown v. Johnson county, 1 Greene, 486; Palk v. County, 52 Miss. 422; Brewer v. County, 1 Neb. 373.

In order to recover, the complaint upon a county warrant should allege that there were funds in the treasury subject to the payment of said warrant or that other later warrants had been paid; or that no effort had been made to supply the funds in the established manner, or that the funds had been diverted by the county. Howell v. Reynolds, 51 Mo. 154: Taylor v. Brook, 5 Cal. 332; Cramer v. Supervisors, 18 Cal. 384; Sher wood v. La Salle, 26 S. W. 650; Grayson v. Latham, 4 So. 200.

The holder of a warrant payable out of a special fund, can only look to that fund and cannot compel the county to pay it out of its own proper funds. Bora v. Phillips county, 4 Dill, (U. S.) 216; Campbell v. Polk county, 49 Mo, 458; McCullough

v. Mayor, 23 Wend. 458; Tippeconue v. Cox, 6 Ind., 403; People v. Wood, 71 N. J. 371; Clark v. Des Moines, 19 Iowa, 190; Pease v. Cornish, 19 Me. 191; Campbell v. Polk, 3 Iowa, 367; Umor v. Mason, 9 Ind. 97; Fuller v. Heath, 1 Ill. App. 118; Montague v. Horton, 12 Wis. 597.

In the absence of any statutory provisions on the subject it is within the power of a municipality having the authority to raise revenue to appropriate that revenue as raised to specific purposes and to keep the amounts thus raised separate and distinct.

County and municipal warrants are non negotiable. Holders of such warrants take them subject to any defences the county or municipality may have against them or the claims upon which they were based. Smith v. Chestine, 13 Gray, 38; Emery v. Marisville, 56 Me. 315; Shuterant v. Lioerly, 46 Me; Clark v. DesMoines, 19 Iowa, 199; Dalrymple v. Willingham, 26 Vt. 245; Hyde v. Franklin. 27 Vt. 185; Hubbard v. Lyndon, 28 Wis. 674; Steonbeck v. Treasurer, 22 Ohio, 144; State v. Huff, 63 Mo. 288: School v. Fogleman, 76 Ill. 189; McGee v. Larremore, 50 Mo. 425; Mortgage Co. v. City of Mitchell, 1 S. D. 593; Heffleman v. Pennington Co. 3 S. D. 162; Halstead v. Moyor, 3 N. Y. 430; Hodges v. Buffalo, 2 Denio, 110; Commissioners v. Keller, 6 Kan. 510; Shirk v. Pulocki, 4 Dell. 209; Goyne v. Ashley, 31 Ark. 552: Burroughs Public Securities, 639.

*Charles E. DeLand*, for respondent.

The warrant and claim in suit was a general obligation against the defendant county. There is no legal "advertising fund" known to the Law. Spencer v. Sully Co. 4 Dak. 474; § 104, Chap. 14 Laws 1891; Heffleman v. Pennington Co. 3 S. D.

162; Edinburgh etc. v. City of Mitchell, 1 S. D. 593; Clark v. DesMoines, 19 Ia. 199; Warren v. Klein, 51 Miss. 807; Montague v. Horton, 12 Wis. 668; Campbell v. Polk Co. 3 Ia. 467; Babcock v. Goodrich 47 Cal. 488.

Corson, J.    This is an action upon a county warrant purporting to be drawn upon the county "advertising fund." The court directed a verdict in favor of the plaintiff, and the defendant appeals.    The defendant seeks a reversal of this judgment upon three grounds: (1) Because the court erred in overruling the demurrer of defendant to the amended complaint; (2) because the court erred in sustaining the demurrer of plaintiff to the defendant's answer; (3) because the court erred in admitting evidence under the plaintiff's amended complaint. The complaint was in the usual form, giving a copy of the warrant sued on.    It was alleged in said complaint that said warrant was duly presented to the treasurer of said county for payment, and payment was then and there refused, for want of funds in the treasury of said county.    It was further alleged that the warrant was duly presented to the board of county commissioners of the defendant county for allowance and payment, but the same was by said board refused.

It is contended on the part of the appellant that there is no allegation in the complaint that there were funds in the advertising fund applicable to the payment of this warrant, or allegation that funds of the county had been diverted from their lawful purpose; and it contends that, unless one of these allegations is contained in the complaint, it fails to state a cause of action.    But we are of the opinion that the allegation that the warrant was presented to the county treasurer, and not paid

for want of funds, was sufficient. The contention of the defendant that there was such a fund as the "advertising fund" is not sustained. The law makes provision for certain funds, such as a general fund, road and bridge fund, redemption fund, etc., but it has nowhere provided for an advertising fund. The warrant was therefore, in effect drawn upon the general fund of the county, and its presentation to the treasurer, and his refusal to pay the same, gave the plaintiff a right of action against the county. Heffleman v. Pennington Co., 3 S. D., 162, 52 N. W. 851. In that case this court held that an ordinary county warrant on ·the general fund, regularly issued, constitutes a *prima facie* cause of action against the county, and that an action might be brought upon such warrant. The same view was taken of a school warrant in Edinburg American Land & Mortgage Co. v. City of Mitchell, 1 S. D. 593, 48 N. W. 131. The doctrine may therefore be regarded as settled in this state that a county warrant is *prima facie* evidence that the amount named therein is due from the county, and that an action may be maintained upon such warrant. Having held the complaint good as against the demurrer interposed against the same, it must, of course, be held good upon the objection that it did not state facts sufficient to entitle the plaintiff to introduce proof thereunder.

The defendant in its answer set up two defenses, in one of which it alleges that the board of county commissioners of the defendant county, by orders made during the years 1892, 1893, 1894, and 1895, created and provided for the keeping in the office of the county treasurer in and for said county a fund to be known as the "Advertising Fund," which said fund was created for the purpose of paying for the publication of the delinquent

tax list of said county for those years, respectively, and that said fund was to be constituted of the 10-cent advertising fees provided by law. It further alleges that the treasurer of the defendant county employed one H. O Besancon to publish in the Blunt Advocate a list of the land and real estate in said county on which the taxes for 1893 were delinquent, and that the consideration agreed upon for the said publication was the sum of 10 cents for each description, and was to be paid for by said defendant county by warrants issued to him or his order, and made payable out of any money in the treasury, not otherwise appropriated, belonging to said advertising fund for that year, all of which said warrants were to be paid in the order of presentation and registration, and from time to time, as money accumulated in said fund from the redemptions made from the real estate sold for that year, and said sums and the warrants therefor were not to be paid by the defendant in any other manner, or out of any other moneys belonging to the county. It then alleges that Besancon transferred to Dewell & Wheelon a portion of his claim for the above work, and that the warrant in question in this action is one issued to Dewell & Wheelon under said above agreement, and was so issued to them, along with several other warrants, in payment for the said work, and the same was to be paid to them or their order in the manner above alleged, and was by them so accepted; that Dewell & Wheelon agreed to accept in payment of said account and bill for printing the said delinquent tax list for 1893 warrants on what was known as the "Advertising Fund" created and provided as aforesaid. It is further alleged that Dewell & Wheelon presented said warrant to the treasurer on or about the 8th day of July, 1895, and the same was duly endorsed by

the treasurer, "Not paid for the want of funds," and duly registered as required by law.

The respondent takes the position that the order sustaining the demurrer is not before us for review, for the reason that the order is not designated for review in the notice of appeal from the final judgment in this case, as provided by chapter 1 of the Laws of 1879, amending section 22 of the Code of Civil Procedure of 1877. But since this case was argued this court has decided that section 22, above referred to, was repealed by implication by chapter 20 of the Laws of 1887. Sands v. Cruickshank, 12 S. D. 1, 80 N. W. 173. Section 22 being in effect repealed, it necessarily follows that the amendment of 1879 is also repealed.

Section 104, c. 14, Laws 1891, providing for the publication of the notice of sale for taxes, concludes as follows: "The county treasurer shall charge and collect in addition to the taxes and interest and penalty the sum of ten cents on each tract of real property and on each town lot advertised for sale, which sum shall be paid into the county treasury and the county shall pay the costs of publication, but in no case shall the county be liable for more than the amount charged to the delinquent lands for advertising." By section 114 it is provided: "Whenever the county treasurer of any county shall bid off any real estate in the name of his county. * * * no tax receipt shall be issued and no amount due the state or any other fund or costs or treasurer's commission shall be paid by the county until redemption has been made from such sale or the time for redemption has expired or until the interest of the county has been assigned." It will be noticed that the prohibition in section 114 only applies to sales made to the county, and does not

apply to tax sales generally. It is not alleged in the answer in this case that any sale had been made to the county, the only allegation upon that subject being that there was no money in the advertising fund with which to pay said warrant. The board was not authorized to create any advertising fund, and the law knows no such fund. Hence it is entirely immaterial whether there was or was not money in said fund. It being conceded that the publication of the delinquent tax list was made as required by section 104, it must be presumed, in the absence of any allegation to the contrary, that the property was sold as required by law, and that the expense of publication has been collected by the county treasurer as provided by said section 104. The agreement alleged to have been made by the county treasurer with Besancon, not being authorized by law, was binding neither upon said Besancon nor upon the county, so far as it provided for payment to be made only out of a fund known as the "Advertising Fund," We are of the opinion, therefore, that the court was clearly right in sustaining the demurrer to this defense.

In the second defense the defendant set out that, subsequent to the assignment of a part of said claim by Besancon to Dewell & Wheelon and one W. G. Yates, said Dewell & Wheelon and Yates and Besancon instituted an action in the circuit court of Hughes county to recover the amount claimed for printing the delinquent tax list for the year 1893; that said action was tried before the circuit court of said county, and involved directly the same cause of action as set forth in the plaintiff's amended complaint herein, and the plaintiffs recovered judgment in the said action for their interests in said claim, amounting to $1,665.90, which was paid in full by warrants

drawn to their order upon the treasurer of said county, on the advertising fund for the year 1893. And it is further alleged that said warrants were accepted by said plaintiffs in that action in full settlement of said judgment; that said Dewell & Wheelon,. after receiving said warrant, presented the same to the county treasurer of said county, and it was by him indorsed, "Not paid for want of funds," and the same was duly registered as required by law; that at said date there was no money with which to pay said warrant in the hands of the treasurer, belonging to the advertising fund for that year. The defendant further alleges that at no time since the issuance and registration of said warrant has there ever been any money in said treasury, belonging to said advertising fund, sufficient to pay the same. The demurrer to this second defense was also sustained, and we think correctly. The warrant in controversy in this action could not have been in issue in the former action, as it is distinctly alleged that the warrant involved in this. action was issued in satisfaction of the judgment in the former action. What issues were involved in the former action does not clearly appear, and it will be noticed that the plaintiff in the present action was not a party to the former action. The parties in the second action not being the same, and it affirmatively appearing that the warrant sued on in this action was not involved in the former action, and it not clearly appearing to the court from the answer what the issues tried in the former action were, we are of the opinion that the court ruled correctly in sustaining the demurrer. Finding no error in the record, the judgment of the lower court is affirmed.