amount due the plaintiff upon his coupons cut from the 1890 bonds. The bonds of 1891 contained substantially the same recitals, were issued under the same authority, and negotiated in the same manner as those of 1890. On October 1, 1891, five per centum on the value of taxable property within the city was $301,104.20. The indebtedness, exclusive of school debt, consisted of these items: Bonds issued September 1, 1885, $5,000; bonds issued June 1, 1889, $15,000; bonds issued July 1, 1890, $25,000; bonds issued October 1, 1890 (heretofore considered), $100,000; and warrants $212,128.48,—making a total indebtedness of $357,128.48. As the city had authority to fund its floating indebtedness, as it does not affirmatively appear that any of the outstanding warrants were illegal, as the amount of such warrants exceeded the amount of bonds issued on that day, and as the bonds then issued did not create any new or additional indebtedness, within the meaning of the statutory or constitutional limitation, it follows that such bonds are valid; and the defendant, having on hand sufficient funds collected by taxation for that purpose, should be commanded to pay the amount due plaintiff upon his coupons cut from such bonds. The judgment of the circuit court is reversed, and a new trial ordered.

---

GOLDING *et al.* v. HUGHES COUNTY.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action by William T. Golding and another against Hughes county. From a judgment for plaintiff, defendant appeals. Affirmed.

*T. P. Estes,* State's Attorney, for appellant.

*Albert Gunderson,* for respondents.

HANEY, J. The questions presented by this appeal are the same as in Thomas Kane & Co. v. Hughes County, 12 S. D. 438, 81 N. W. 894. For the reasons stated in that decision, the judgment of the circuit court is affirmed.

---

## VINE *et al.* v. JONES, Judge, *et al.*

1. Laws 1890, Chap. 78, § 17, provides that whenever the county judge in any probate proceeding is related within the fourth degree to any person interested, the fact shall be certified to the circuit court of the county. Section 18 provides that on the filing of a copy of the certificate in the circuit court it shall have jurisdiction of the estate, and may make all orders that might have been made in the county court. *Held,* that on the presentation of an application to the circuit court, showing that a son of the county judge was interested in a probate proceeding before him, it was error to refuse a mandamus by which it might acquire jurisdiction to determine the existence of such disqualification.

2. Under Const. Art, 5, § 2, conferring on the supreme court a general superintending control over all inferior courts, such court will grant a mandamus compelling a circuit court to receive an application to take jurisdiction to determine the existence of an alleged disqualification of a county judge in a probate proceeding.

3. Under Laws 1890, Chap. 78, § 17, providing that a county judge shall be disqualified in any probate proceeding whenever he is related within the fourth degree to any person interested, a judge is disqualified where