STEWART V. CUSTER COUNTY.

The purchaser of a county warrant drawn on the general fund "not otherwise appropriated," and registered for payment under Comp. Laws, §§ 1671-1679, declaring warrants shall be paid only in the order of their registration, could not maintain an action on the warrant; there being no money in the general fund not otherwise appropriated, and other prior registered warrants outstanding, and it appearing that sufficient time had not elapsed to permit the accumulation of sufficient money to pay plaintiff's warrant in the order of registration.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Custer county. HON. LEVI MCGEE, Judge.

Action by Robert A. Stewart against Custer county. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*W. E. Benedict,* for appellant.

The holder of the general fund county warrant, regularly issued, and for a valid consideration and a legal claim against the county, which has been presented to the proper paying officer of the county, and payment thereof refused for want of funds, and due registration thereof for payment been made, has the right to maintain an action on such warrant. Heffleman v. Pennington County, 3 S. D. 162; Edinburg American Land & Mortgage Co. v. City of Mitchell, 1 S. D. 593; Thomas Kane & Co. v. Hughes Co., 12 S. D. 438.

*C. E. Smith,* for respondent.

All county warrants shall be paid in their order of presentation and registration, and as provided by law, and in no other way. Compiled Laws, § 1671-1680, inclusive; State v. Campbell, 7 S. D. 568; Reynolds v. Norman, 114 Mo. 509; Western Town Lot Co. v. Lane, 62 N. W. 982; Freeman v. City of Huron, 10 S. D. 368; Shannon v. City of Huron, 9 S. D. 356.

Warrants in payment of a claim against the county made payable out of a particular or special fund shall be drawn on that fund, and a cause of action does not accrue until there is money in said fund with which to pay the warrant so drawn, or sufficient time shall have elapsed for the levy and collection of money with which to pay said warrants, Brewer v. Otto Co., 1 Nebraska 373; Wetmore v. Monroe Co., 73 Iowa 88; Bank of Galatine v. Baker, 6 Lea 273; Campbell v. County Court, 76 Mo. 57; Pettis Co. v. Kingsbury, 17 Mo. 479; Campbell v. Polk Co., 79 Mo. 214; Moody v. Cass Co., 74 Mo. 307; Boro v. Phillips Co., 4 (Dill.) U. S. 216-223; Mc-Cullough v. Mayor of Brooklyn, 23 Wend (N. Y.) 458; People v. Wood, 71 N. Y. 371; Tippacanoe Co. v. Cox, 6 Ind. 403; U. S. v. Brown, 41 Fed. Rep. 481; Summit Co. v. People, 10 Cal. 41; Jordon v. Cass Co., 3 Dill, (U. S.) 185; Fuller v. Heath, 1 Ill. App. 118; Dillons Law on Municipal Bonds, 828; McCall v. Harris, 6 Cal. 281.

Whoever contracts with municipal corporations are bound to know the extent and powers of the officers of the municipality, and whoever, in dealing with a county, or a municipality takes in payment of his claim against said county, a warrant or order does so with an implied agreement that if there be no funds in the treasury out of which said warrants or orders can be satisfied and paid, he will wait until the money can be raised in the ordinary mode of col-

lecting such revenue. Otto v. Brewer Co., 1 Neb. 373; Sutro v. Pettit, 74 Cal. 382; 5 Am. St. Rep. 442; Clark v. Des Moines, 19 Iowa, 199; Wallace v. Mayor of San Jose, 29 Cal. 181.

Statutes of limitation does not begin to run against municipal warrants until maturity of the same, and they do not mature. until funds have been collected for their payment, or sufficient time has elapsed for raising said money. Bellevue Savings Bank v. Winspow, 30 Fed Rep. 488; Logan v. Barton Co. Court, 63 Mo. 336; Wetmore v. Monroe Co., 73 Iowa, 88.

FULLER, P. J. The only point presented by this record is whether the purchaser of a registered county warrant, confessedly valid, drawn upon the general fund "not otherwise appropriated," and indorsed, "Presented for payment, and not paid for want of funds," is entitled to maintain a suit and obtain judgment thereon immediately, although there is no money in the treasury belonging to such fund not otherwise appropriated, and sufficient time has not yet elapsed to permit the gathering thereof into the treasury through the means provided by statute for the levy and collection of revenue. Consistent with the facts as stipulated by the parties, the trial court found: "That there are outstanding and unpaid other warrants on the general fund of said county, duly and regularly issued, and duly and regularly registered for payment, which were so registered for payment prior to the date of the registration of the warrants herein sued upon, which said warrants aggregate several thousand dollars, and by reason of their registration are obligations which, in the order of payment of warrants from the general fund of said county, of right and in law must be paid before the warrants herein in suit are paid out of said general fund; that the warrants herein in suit were purchased by plaintiff from the holders thereof at a price less than

their face value, and with a full knowledge that the warrants so purchased would not, in the ordinary course of payment from the general fund of said county, be paid until all prior registered warrants were paid; that prior to the time that the plaintiff became the owner of said warrants by purchase said plaintiff made a thorough and complete examination of the financial condition of the defendant county; and that said plaintiff purchased said warrants subject to all legal defenses which might exist then or thereafter against the collection of the same, all of which plaintiff knew at the time of purchasing the same." Conclusions of law were accordingly made, judgment dismissing the complaint without prejudice entered thereon and plaintiff appeals.

Our statute relative to the redemption of such warrants requires payment thereof in the order of their registration, and not otherwise. Any violation of the law in this particular renders the treasurer liable upon his official bond to any person the payment of whose warrant is thereby postponed. Comp. Laws, §§ 1671-1679, inclusive; State v. Campbell, 7 S. D. 568, 64 N. W. 1125. Contemplating possible delay, occasioned perhaps by the wanton neglect of county officials to provide, by means of the statutory method, sufficient revenue with which to pay outstanding warrants, the legislature has extended the statute of limitations so that an action upon a county warrant may be commenced at any time within twenty years after a cause of action shall have accrued. Comp. Laws, § 4849; Heffleman v. Pennington Co., 3 S. D. 162, 52 N. W. 851. It being conceded that the officers of the defendant county have done all the law justifies in the way of levying and collecting taxes, and that warrants are being paid in the order of registration, it would be against our entire system of legislation to give appellant judgment in an action upon warrants not yet payable. Unless the operation of the statute requir-

ing payment in the order of registration be suspended, while the
authorities levy and collect a tax with which to discharge these judg-
ments, the condition of those who hold valid warrants, all of which
draw interest, is not bettered by instituting suits and prosecuting the
same to judgment at an expense to the county almost beyond calcu-
lation.  In the order of registration, these warrants, into which the
statute is written, provide for the payment of a sum certain, with 7
per cent. interest, whenever there is sufficient money, not otherwise
appropriated, in the fund upon which they are drawn;  and until .
that condition exists, or, as a matter of law and fact, sufficient time
for the collection of the money has elapsed, no cause of action ac-
crues.  Without referring to a statute like ours, prohibiting the pay-
ment of warrants otherwise than in the order of registration, it was
so held in Nebraska and the court say:  "Whoever deals with a
county and takes in payment of his demand a warrant of the charac-
ter of these, no time of payment being fixed, does so under an im-
plied agreement that, if there be no funds in the treasury out of
which it can be satisfied, he will wait until the money can be raised
in the ordinary mode of collecting such revenues.  He is presumed
to act with reference to the actual condition and the laws regulating
and controlling the business of the county.  He cannot be permitted,
immediately upon the receipt of such warrant, to resort to the courts
to enforce payment by judgment and execution, without regard to
the condition of the treasury at the time, or the laws by which the
revenues are raised and disbursed."  Brewer v. Otoe Co., 1 Neb. 373.
The warrants made the basis of this action were drawn upon a fund
which has been lawfully appropriated to the payment of similar war-
rants in the order of registration;  and appellant, by accepting such
warrants, contracted to wait until there is, or ought to be,  sufficient
money not otherwise appropriated in the particular fund upon which

they were drawn. McCall v. Harris, 6 Cal. 282. In Iowa it was held in a ·case where a warrant was made payable out of a special fund, that the county was not liable to an action on such warrant until the fund out of which it was made payable came into existence, and upon principle the case before us is not distinguishable. Wetmore v. Monona Co., 73 Iowa, 88, 34 N. W. 751. With full knowledge of respondent's source of revenue and the law governing its collection and disbursement, the number of previously registered warrants, and the aggregate amount of money that must be expended therefor or set apart for their redemption before the warrants in suit could be reached in the order of registration, appellant purchased such warrants for much less than their face value, and must wait until, by a substantial compliance with the statute, there is a fund with which to pay the same, or time sufficient to collect the money has elapsed. In the case of Moody v. Cass Co., 74 Mo. 307, it was held that the holder of a county warrant drawn on a fund specified therein must look solely to that fund for payment, and if it be exhausted, and the county has no power to replenish the same, no recovery can be had. The concluding paragraph of the opinion is as follows: "The plaintiff's petition herein does not allege that when the treasurer refused to pay the warrant there was money in the fund on which it was drawn to pay it, in whole or in part. The refusal of the treasurer, as alleged in the petition, was on the ground that there was no money in that fund out of which to pay the warrant. If the payee of the warrant, as we are to assume, agreed to look alone to that fund for payment of his demand, and there was no money in that fund to pay any part of the warrant when payment was demanded, on what ground can plaintiff maintain his action? Where is the county in default? The judgment, for the reasons above stated, is reversed and the cause remanded." In cases involving the validity·

of warrants regularly issued on the general fund, it has been held in this state that they are presumptively valid, and constitute a prima facie cause of action. Edinburg American Land & Mortgage Co. v. City of Mitchell, 1 S. D. 593, 48 N. W. 131; Bank v. McKinney, 2 S. D. 106, 48 N. W. 841; Kane v. Hughes Co., 12 S. D. 438, 81 N. W. 894; Heffleman v. Pennington Co., *supra.* It therefore follows, inferentially, that in order to abate an action upon a registered county warrant, admitted to be valid and regularly issued, it must affirmatively appear that money for its payment, in the order of registration, is not in the treasury, and time sufficient for its collection in the manner provided by law has not yet elapsed. All this being expressly conceded in the agreed statement of facts, our conclusion is that this action was prematurely brought, and the judgment appealed from is affirmed.