ROCHFORD v. SCHOOL DIST. No. 11, LYMAN COUNTY, et al.

1. A school district order, duly issued, of which plaintiff in an action thereon was the owner, is prima facie evidence that a valid claim against the district has been lawfully presented and allowed.

2. Where a complaint in an action on a school district order set out the order, and alleged that payment had been refused, the complaint was not demurrable on the ground that it failed to allege a demand.

3. Where several defendants united in demurring to the complaint, and it stated a cause of action against one of them, the demurrer should be overruled as to all.   FULLER, J., dissenting.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by G. E. Rochford against School District No. 11 of Lyman county, S. D., and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

*Joe Kirby*, for appellant.

*John G. Bartine*, for respondents.

HANEY, P. J.   In this action the plaintiff appealed from an order sustaining a demurrer to the complaint, the allegations of which are as follows: "(1)  That School District No. 11, Lyman county, is a corporation duly organized and existing under the laws of the state of South Dakota.   (2)  That on or about the 24th day of October, 1901, said School District No. 11, Lyman county, made and delivered to the National Educational Company its order upon the treasurer thereof in writing, by which said school district, by its clerk and chairman, ordered the said treasurer to pay the said National  Educational Company, or bearer, the sum of $127.50.   (3)  That

thereafter the said defendants Amos De Witt and Ole Johnson guarantied, in writing, the payment of said order, which order is as follows, to wit:   'State of South Dakota, county of Lyman. $127.50.   October 24, 1901.   Treasurer of School District No. 11:   Pay to National Educational Company, or bearer, the sum of one hundred twenty-seven and 50-100 dollars, for three sets of Primary Language Series, at forty two and fifty-one hundredths dollars each, constituting a six years' course in language, science, nature and elementary history, out of any money in your hands not otherwise appropriated, belonging to the general fund of said School District.    Issued by authority of said district and payment guarantied by—Amos De Witt, Clerk.   Ole Johnson, Chairman.'  (4)    That the plaintiff is now the owner of said order, and that the said defendants have refused to pay the same, although long past due."

The only ground of the demurrer demanding attention is that the complaint does not state facts sufficient to constitute a cause of action.    The demurrer admits that the defendant school district issued the order set out in the complaint, that the plaintiff is the owner of such order, and that the district has refused to pay it.    An order so issued is presumptively valid.    It is prima facie evidence that a valid claim against the district has been lawfully presented and allowed.   Stewart v. Custer Co., 14 S. D. 155, 84 N. W. 764; Thomas Kane & Co. v. Hughes Co., 12 S. D. 438, 81 N. W. 894; Meyer v. School District, 4 S. D. 420, 57 N. W. 68; Heffleman v. Pennington Co., 3 S. D. 162, 52 N. W. 851; Merchants' Nat. Bank v. McKinney, 2 S. D. 106, 48 N. W. 841; The Edinburg Am. L. & M. Co. v. City of Mitchell, 1 S D. 593, 48 N. W. 131. Therefore, for the purposes of this appeal, it stands confessed

that when this action was commenced the district was owing plaintiff a valid debt, which it refused to pay. It is contended, however, that the complaint is fatally defective in failing to show that the order was presented for payment before the action was begun. This is not tenable. It is alleged that payment was refused. Where a demand is a prerequisite to a right of action, an allegation that the defendant refused to pay is sufficient, as such allegation impliedly shows a demand. Ferguson v. Hull, 136 Ind. 339, 36 N. E. 254; Divan v. Loomis, 68 Wis. 150, 31 N. W. 760; Hammond v. Mason, 92 U. S. 724, 23 L. Ed. 767. So, assuming that the complaint should affirmatively show that the order was presented for payment, we conclude that it states a cause of action against the school district. All the defendants having united in demurring to the complaint, if it states a cause of action against either of them the demurrer should have been overruled. 6 Ency. Pl. & Pr. 321.

The order appealed from is reversed.

FULLER, J. (dissenting). Sections 2336 and 2337 of the Revised Political Code authorize the school treasurer to pay a valid warrant of the school board only upon presentation at a time when there is money in his hands or subject to his order for its payment, and when there is no money for that purpose he is required to indorse thereon as of the date, "Presented for payment and not paid for want of funds." Greely v. McCoy, 3 S. D. 218, 52 N. W. 1050; State ex rel. City of Huron v. Campbell, 7 S. D. 568, 64 N. W. 1125; Stewart v. Custer County, 14 S. D. 155, 84 N. W. 764; East Union Township v. Ryan, 86 Pa. 459; City of Central v. Wilcoxen, 3 Colo. 566.

In the absence of anything to indicate that the foregoing warrant was presented to the school treasurer for payment at a time when funds were available, or any facts excusing the holder from presenting the same, a cause of action is not stated.