## Collins v. Gladiator Consolidated Gold Mining & Milling Co.

1. On appeal on the judgment roll the question as to whether it presents reversible error is to be considered on the merits, and not on a motion to dismiss.

2. Failure of appellant to print his abstract and brief while a motion to dismiss is pending does not show that the appeal was taken merely for delay, or that appellant has failed to prosecute it with reasonable diligence.

3. Where an appeal is dismissed because of appellant's failure to prosecute with due diligence, no second appeal from the same order or judgment should be allowed, unless the order of dismissal expressly reserves the right.

4. On appeal from a judgment alone, the fact that a former appeal in the same action was dismissed for failure to prosecute with due diligence does not require dismissal of the second appeal, where it does not appear from what the former appeal was taken.

(Opinion filed May 10, 1905.)

Appeal from circuit court, Custer county; Hon. LEVI MCGEE, Judge.

Action by John A. Collins against the Gladiator Consolidated Gold Mining and Milling Company. From a judgment for plaintiff, defendant appeals. On motion to dismiss. Motion denied.

*C. E. Smith*, for appellant.

*Ed. L. Grantham* and *B. R. Wood*, for respondent.

HANEY, J. This is an appeal from a judgment of the circuit court taken within two years after the filing of the judgment roll. A former appeal in the same action was dismissed because of appellant's failure to prosecute such appeal according to the rules of this court. Respondent now moves to dismiss on the grounds (1) that the present appeal presents no question for determination, (2) that it was taken merely for delay, and (3) that it deprives him of the benefits of the former dismissal.

Whether the judgment roll presents reversible error is a

question for consideration on the merits, not on a motion to dismiss.

The present appeal was taken November 19, 1904. On January 4, 1905, an order was issued requiring appellant to show cause on January 18, 1905, why it should not be dismissed. Since that time the motion has been pending in this court. As the appeal was taken within the time allowed by the statute (Rev. Code Civ. Proc. § 442), and appellant would not be expected to print his abstract and brief while the motion to dismiss remained undetermined, it cannot be concluded that the appeal is merely for delay, or that appellant has so far failed to prosecute it with reasonable diligence.

What was the effect of dismissing the former appeal? Our 1877 Code of Civil Procedure provided: "Sec. 409. If the appellant fail to cause the requisite papers to be transmitted to the supreme court, as required by the preceding section and the rules of the court, the appeal may be dismissed." "Sec. 410. The dismissal of an appeal is, in effect, an affirmance of the judgment or order appealed from, unless the dismissal be expressly made without prejudice to another appeal." These provisions were omitted from the 1887 compilation, and do not appear in the Revised Code of 1903. They were repealed by chapter 20, p. 55, Laws 1887. Sands v. Cruickshanks, 12 S. D. 1, 80 N. W. 173. The statute is therefore silent as to the effect of a dismissal, and the authorities are conflicting. 3 Cyc. 199. The right to appeal is statutory. Where it has been once exercised, and a review by the appellate tribunal is lost through the inexcusable negligence of the appellant, no valid reason exists for allowing a second exercise of the right, so we conclude that, where an appeal is dismissed, as was the former

one in this case, because of appellant's failure to prosecute with due diligence, no second appeal from the same order or judgment should be allowed unless the order of dismissal expressly reserves the right.  Schmeer v. Schmeer, 16 Or. 243, 17 Pac. 864; Brill v. Meek, 20 Mo 358.  This view it is believed conforms to the general understanding and practice in this state since this court was organized.  But a former dismissal can only operate as a bar to a second appeal from the same order or judgment.  The present appeal is from the judgment alone.  There is nothing in this conrt from which to ascertain from what the former appeal was taken.  It may have been from an order the affirmance of which would have no effect upon the questions now sought to be reviewed.  For this reason respondent's motion to dismiss is denied.  Appellant will be given 30 days in which to serve and file his abstract and brief; respondent will be given 15 days thereafter to serve and file his brief and an additional abstract, if one be required; and the cause will be assigned for oral argument on Wednesday, June 28, 1905.