BEBOUT, Respondent, v. PENSE, et al., Appellants.

(141 N. W. 515.)

1. **Libel and Slander—Parties Defendant—Joint Liability.**

An action for slander cannot be maintained against two or more persons jointly, unless the result of a conspiracy.

2. **Pleadings—Complaint Against Several—Demurrer—Joint Liability.**

A complaint against two or more defendants, attempting to state a cause of action under circumstances where an action cannot be so maintained and wherein judgment cannot be entered against them jointly, fails to state facts constituting a cause of action, and a demurrer thereto should be sustained.

3. **Complaint—Demurrer—Waiver.**

Where defendant by leave of court withdrew his answer before demurring to the complaint, he did not thereby waive his right to demur thereto.

(Opinion filed May 24, 1913.)

Appeal from County Court, Gregory County. Hon. CHARLES A. DAVIS, Judge.

Action by F. C. Bebout against E. E. Pense and another jointly, for slander. From an order overruling a demurrer to the complaint, defendants appeal. Reversed and remanded.

*Edwin M. Starcher,* for Appellants.

There is a misjoinder of defendants and a misjoinder of causes of action—one against E. E. Pense and one against Emma Pense. Each defendant should only be responsible for the injury inflicted by his own independent act.

The court erred in not sustaining defendants' second ground of demurrer for the reason that several causes of action were improperly united. The separate and distinct causes of action alleged against each defendant are included in plaintiff's one cause of action stated in his complaint. The two causes of action are stated jointly in one cause and not separately. Even if plaintiff had stated in his complaint separately one cause of action against E. E. Pense, and a second cause of action against Emma Pense, he could not have maintained his action, and the court should have sustained defendants' demurrer upon this ground alone. Dequesne Distributing Co. v. Greenbaum, 21 Am. & Eng. Ann. Cases, p. 482; Cooley on Torts, 124, 142; Newell on Slander and Libel, 382; Townsend on Slander and Libel, Sec. 118; Blake v. Smith, 34 Atl. 995.

Plaintiff's complaint fails to state a cause of action. It fails to allege that any particular defendant, naming him, spoke the defamatory words stated in his complaint. He simply states generally that defendants uttered the slanderous words, without naming the particular defendant. If one of the defendants only uttered the alleged slanderous words it would require a general denial for one defendant and a plea of justification for the other.

Appellants' answer was first withdrawn in open court by leave of the court and consented to by both parties to this action, before any demurrer was interposed. Baldwin v. City of Aberdeen, 23 S. D. 636.

*W. J. Hooper,* for Respondent.

The complaint is in the usual form for slander. It alleges that the defendants * * * maliciously spoke of and concerning the plaintiff the following defamatory words, to-wit: "That

you (meaning the plaintiff) stole and branded a heifer belonging to them (the defendants).. That you (meaning the plaintiff) sold cattle to a butcher in Bonesteel last year and three of them got out and came back home (meaning to the plaintiff's premises) and that you (meaning the plaintiff) shipped those cattle; whereby the plaintiff was injured in his reputation, to his damage," etc. Sec-. tion 141,' Code of Civil Procedure.

If there are two causes of action improperly united, this defect cannot be reached by a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. If either of the defendants spoke the words alleged, the complaint is good. Dalrymple v. Security Loan and Trust Company, 9 S. D.· 306, 83 N. W. 245.

The complaint does. not set out, or seek to set out two causes of action. There is but one cause of action set out and that against the defendants jointly. Strike out one defendant, and there is a single cause of action stated as against the other defendant. The fact that there are too many parties is not a ground for demurrer. 2 Wait's Practice, p. 451.

And when. the defendants answered the complaint without raising the objection they waived all special grounds for demurrer. Pierson et al. v. Minnehaha County, 26 S. D. 462, see page 464.

McCOY, J. Plaintiff instituted this action against the defendants jointly, charging that defendants maliciously slandered plaintiff by uttering and publishing oral words falsely charging plaintiff with having stolen defendant's cattle. Defendant demurred to the complaint on the ground, among others, that the complaint fails to state facts sufficient to constitute a cause of action against defendants. The demurrer was overruled, and defendants excepted and appeal, assigning as error the said ruling of the court. It is the contention of defendants that plaintiff cannot maintain this action against them jointly for uttering and publishing spoken slanderous words; that each of them is responsible only for his or her own spoken words, and not for the words of the other. We are of the opinion that appellants are. right in this contention.

[1] It seems to be the well-established rule that such an action cannot be maintained against two or more defendants

jointly, unless the result of a conspiracy. There are no allegations in the complaint indicating a conspiracy.

[2] Having alleged a cause of action against two defendants under circumstances where an action cannot be so maintained, and wherein a judgment is not permitted to be entered against two or more jointly, the complaint fails to state facts sufficient to constitute a cause of action, and therefore the demurrer should have been sustained. Newell on Slander & Libel, p. 382; Odgers on Libel & Slander, p. 601; Townsend on Slander & Libel, p. 99; 25 Cyc. 434; Duquesne Distributing Co. v. Greenbaum, 135 Ky. 182, 121 S. W. 1026, 24 L. R. A. (N. S.) 955, 21 Ann. Cas. 481; Webb v. Cecil, 9 B. Mon. (Ky.) 198, 48 Am. Dec. 423; Blake v. Smith, 19 R. I. 476, 34 Atl. 995.

[3] Respondent contends that defendants, having answered in the action, waived the right to interpose said demurrer. This contention would be well taken but for the fact that it appears from the record that defendants withdrew said answer, by leave of the court, before interposing said demurrer. There is no intention to, by this decision, modify or in any manner change the rule heretofore announced by this court in Evans v. Fall River Co., 9 S. D. 130, 68 N. W. 195, Rochford v. School District, 17 S. D. 542, 97 N. W. 747, and Coffee v. Dorwart, 139 N. W. 777; the decision in this case being based upon entirely different grounds.

The order overruling said demurrer is reversed, and the cause remanded for further procedure in accordance with the views herein expressed.