## MUTUAL LIFE INSURANCE COMPANY *v.* HILL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 453. Argued March 14, 15, 1900. — Decided May 28, 1900.

This case falls within the same rule as *Mutual Life Insurance Co.* v. *Phinney, ante,* 327, and *Mutual Life Insurance Co.* v. *Sears, ante,* 345, and is disposed of in the same way.

THE case is stated in the opinion.

*Mr. Julien T. Davies* and *Mr. John B. Allen* for petitioner. *Mr. Edward Lyman Short* and *Mr. Frederic D. McKenney* were on their brief.

*Mr. Stanton Warburton* and *Mr. Harold Preston* for respondent. *Mr. Eben Smith* was on their brief.

MR. JUSTICE BREWER delivered the opinion of the court.

This case resembles the last two decided, in that it was an

action against the insurance company on a policy whose premiums had not been paid for some years before the death of the insured. The policy was issued April 29, 1886, to George Dana Hill for the benefit of his wife, if living at the time of his death, and if not for the benefit of their children. The insured paid the first annual premium, but none thereafter. He died on December 4, 1890. His wife died before him, and this action was brought in behalf of the children. The answer alleged, among other things —

" That pursuant to the conditions of the said policy, there became and was due to the defendant as a premium upon said policy of insurance on the twenty-ninth day of April, A.D. 1887, the sum of eight hundred and fourteen ($814) dollars, and the said George Dana Hill and the said Ellen Kellogg Hill, his wife, and each and all of the plaintiffs herein failed, neglected and refused to pay to the defendant, at the time aforesaid, the said sum of eight hundred and fourteen ($814) dollars, or any part thereof, and ever since that time and up to the time of the death of the said George Dana Hill on the fourth day of December, 1890, the said George Dana Hill and the said Ellen Kellogg Hill, his wife, during her lifetime, and each and all of the plaintiffs, neglected and refused to pay to defendant the said sum or any part thereof, or any other sum or other thing of value whatever, by reason whereof the said policy of insurance became and was on the twenty-ninth day of April, A. D. 1887, according to the conditions aforesaid, void and of no effect.

" That at a time more than one year from the time of the issuance of the policy mentioned in the complaint, and during the lifetime of the said George Dana Hill mentioned in the complaint, it was mutually agreed between the defendant and the said George Dana Hill that the said contract of insurance should be waived, abandoned and rescinded, and the said George Dana Hill and the defendant then by mutual consent waived, abandoned and rescinded the same accordingly, and all their mutual rights and obligations therein and thereunder.

" This defendant alleges that the said plaintiffs, and each of them, should be, and are, estopped from, and should not be per-

mitted to allege or prove that defendant did not mail, or cause to be mailed, or otherwise given, to said George Dana Hill a notice stating the amount of premium due on said policy on April 29, 1887, or at any other time, with the place where the same should be paid, the person to whom the same is payable, and stating that unless the premium then due should be paid to the company, or its agents, within thirty days after the mailing of such notice, the policy, and all payments made thereon, should become forfeited, or any other notice prescribed by any statute or statutes of the State of New York, or any other notice than that hereinafter in this paragraph mentioned, for that, shortly prior to and after, and on said twenty-ninth day of April, 1887, this defendant, in writing, and also personally, notified and informed the said George Dana Hill, at said city of Seattle, that the premium of eight hundred and fourteen dollars, necessary to be paid on said policy for the continuance of said policy of insurance, was due and payable, and said defendant duly demanded payment of said premium in said sum, and, at the same time and place, tendered the receipt of the defendant therefor, duly signed by its president and secretary ; and the said Hill, being fully so informed and advised in the premises, refused to make payment of said premium, or any part thereof, and then and there, intending, and for the purpose of inducing defendant to rely upon the same, informed defendant that he, the said George Dana Hill, was unable to pay said premium, and did not intend to make payment thereof, or of any premium thereafter to accrue upon said policy of insurance, but, on the contrary, he, the said George Dana Hill, intended to allow the said policy to lapse and become forfeited for want of payment of said premium, or of any future premium accruing on said policy ; and the said defendant, then and there, and ever since, relying upon the said representations and conduct on the part of the said George Dana Hill, was thereby induced to, and did, declare the said policy and contract of insurance forfeited and abandoned, and, in good faith, relying upon said conduct and representations on the part of said George Dana Hill, this defendant was induced to, and did, fail and abstain from giving or mailing any notice, whether prescribed by statute or other-

wise, to the said George Dana Hill, or to any person interested in said policy, concerning the payment of any premium thereon."

Here, as in the last two cases, is disclosed a distinct agreement on the part of the insured and the company to waive and abandon the policy and all rights and obligations on the part of the parties thereto.

But it is said that the insured was not the beneficiary; his wife, and in case of her death, their children, being named as such; and that it was not in his power, by non-payment or waiver or abandonment, to relinquish or cancel her or their rights in the policy. It is doubtless an interesting question how far the action of the insured can affect or bind the beneficiaries in a life insurance policy. If the answer in this case contained simply the allegation in respect to the insured's agreement with the company, we should be compelled to enter into an examination of that question; but it is alleged, not only that the insured and the company agreed to abandon the contract, but also that the beneficiary, his wife, and the plaintiffs, their children, "failed, neglected and refused" to pay the premium. So we have a case in which not only did the insured and the company abandon the contract, but also the beneficiaries neglected and refused to do that which was essential to keep the policy in life. The allegation in the answer does not disclose a mere omission, for it is "neglected and refused," and, of course, there can be no refusal unless with knowledge of the opportunity or duty. A party cannot be said to refuse to do a thing of which he knows nothing. Refusal implies demand, knowledge or notice. The case, therefore, is one in which the beneficiaries refused to continue the policy, while the insured and the company abandoned it.

*Under those circumstances we think the case falls within the same rule as the preceding; and the judgments of the Court of Appeals of the Ninth Circuit and of the Circuit Court of the United States for the District of Washington are reversed, and the case remanded to the latter court, with instructions to overrule the demurrer to defendant's answer.*

MR. JUSTICE PECKHAM did not sit in the hearing and took no part in the decision of this case.