### HILL et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court, D. Washington, N. D. January 23, 1902.)

APPEAL—REVERSAL ON SINGLE POINT—RETRIAL—LAW OF CASE.

On the trial of an action in a United States circuit court, after a judgment of the same court in favor of the plaintiffs on the pleadings has been affirmed by the circuit court of appeals, and then reversed by the supreme court, on the ground that the answer raises a material issue, said issue is the only issue to be tried, and the decision of the circuit court of appeals as to all other questions must be considered as the law of the case.

Action upon a life insurance policy issued to George Dana Hill, father of the plaintiffs. Tried before the court and a jury, resulting in a verdict in favor of the plaintiffs. Heard on a motion for judgment in favor of the defendant non obstante veredicto. Motion denied.

Stanton Warburton, Preston, Carr & Gilman, and Eben Smith, for plaintiffs.

Struve, Allen, Hughes & McMicken and R. C. Strudwick, for defendant.

HANFORD, District Judge. Upon the facts alleged and admitted by the pleadings, a judgment in favor of the plaintiffs was rendered by this court, which was affirmed by the circuit court of appeals. Thereupon the case was removed to the supreme court of the United States by a writ of certiorari, and by that court the judgment was reversed, and the case was certified back to this court, with a mandate for further proceedings in accordance with the opinion delivered by Mr. Justice BREWER. For a complete statement of the case, reference is made to the decisions of the supreme court, reported in 178 U. S. 347–350, 20 Sup. Ct. 914, 44 L. Ed. 1097, and of the circuit court of appeals for the Ninth circuit, reported in 38 C. C. A. 159, 97 Fed. 263–270, 49 L. R. A. 127. The ground upon which the decisions of the two lower courts were reversed is stated in the opinion of the supreme court as follows:

"Here, as in the last two cases, is disclosed a distinct agreement on the part of the insured and the company to waive and abandon the policy, and

all rights and obligations on the part of the parties thereto. But it is said that the insured was not the beneficiary,—his wife, and, in case of her death, their children, being named as such,—and that it was not in his power, by nonpayment or waiver or abandonment, to relinquish or cancel her or their rights in the policy. It is doubtless an interesting question how far the action of the insured can affect or bind the beneficiaries in a life insurance policy. If the answer in this case contained simply the allegation in respect to the insured's agreement with the company, we should be compelled to enter into an examination of that question; but it is alleged not only that the insured and the company agreed to abandon the contract, but also that the beneficiary, his wife, and the plaintiffs, their children, 'failed, neglected, and refused' to pay the premium. So we have a case in which not only did the insured and the company abandon the contract, but also the beneficiaries neglected and refused to do that which was essential to keep the policy in life. The allegation in the answer does not disclose a mere omission, for it is 'neglected and refused,' and, of course, there can be no refusal unless with knowledge of the opportunity or duty. A party cannot be said to refuse to do a thing of which he knows nothing. Refusal implies demand, knowledge, or notice. The case, therefore, is one in which the beneficiaries refused to continue the policy, while the insured and the company abandoned it."

After being reinstated in this court, the case was brought to a trial, and was submitted to a jury for decision of one issue only, which the supreme court of the United States held to be a material issue raised by the defendant's answer. The parties were permitted to introduce evidence relating to other facts which were not seriously disputed, for the purpose of developing the case fully and fairly, and to make a record which would enable the attorneys to argue the legal questions to their own satisfaction. The evidence bearing upon the material issue was all in favor of the plaintiffs, and the jury rendered a verdict accordingly. The court afterwards declined to hear arguments on a motion for a new trial, for the reason that a new trial would be a useless proceeding, for, if the plaintiffs are not entitled to a judgment upon the verdict, they can never prevail, and the law applicable to the conceded facts exonerates the defendant from any liability whatever under the policy sued upon. The defendant then interposed the motion now under consideration, and upon that motion counsel on both sides have argued the case, earnestly and elaborately, as if the decision of the supreme court had completely expunged the previous determinations of this court and of the circuit court of appeals, and returned the case here, to be again considered with respect to the primary question whether the policy lapsed, and was rightfully canceled by the defendant for nonpayment of the annual premiums which accrued in the lifetime of George Dana Hill.

In behalf of the plaintiffs it is alleged that by a stipulation in the contract the parties have explicitly and conclusively determined that the contract was made at the defendant's home office, in the state of New York, and as, by its terms, the contract is to be performed in New York, all questions as to the validity of every one of its provisions, and as to the rights and liabilities of the parties under the contract, must be determined in accordance with the laws of the state of New York; that in form the policy is not for a single term of one year, with a right of renewal extending the insurance

from year to year, but is a continuing policy, subject to forfeiture and cancellation for nonpayment of annual premiums to become due as specified; therefore the company had no power to cancel this policy or claim a forfeiture without complying with the statute of New York which prescribes that a specified notice must be given in a manner specified, and, for failure on the part of the company to give the statutory notice, the premiums did not become due, and there was no default. Against this contention the defendant's attorneys have argued, with ingenuity and force, that the contract did not have vitality until the policy was delivered, and the first annual premium paid, in the state of Washington; that the policy contains an express declaration that the annual premiums are to become due on a specified date in each year, of which notice is given and accepted by the policy itself, and the right to any other notice expressly waived, and that, in case of failure to make the payments to accrue as specified, the policy should lapse, and the right of the insured under it should be absolutely terminated; that this stipulation is not contrary to any law in force in the state of Washington; that the laws peculiar to the state of New York cannot apply to this contract so as to affect its validity, or limit the rights or obligations of the parties under it, by force of the legislative power of the state of New York; that the statutes of New York may be considered as controlling the contract only so far as the parties by their own agreement have adopted the same, and the particular statute which the plaintiffs have invoked cannot be deemed to have been adopted by the parties contrary to their solemn agreement, although as to matters concerning which the contract is otherwise silent the laws of the state of New York are made controlling. On the trial it was shown by uncontradicted evidence that a local collecting agent of the defendant company presented to George Dana Hill the company's official receipt for the second annual premium when it became due, and requested payment, and also held the receipt for a time, and made several demands for payment, and afterwards time for payment was extended, by special direction of the Pacific Coast manager of the company, so as to give ample opportunity to keep the policy alive by payment of the premium; but, notwithstanding the efforts to collect the premium, it never was paid. And upon the argument it was insisted that the company dealt only with George Dana Hill; that in all the transactions relating to the policy he represented the beneficiaries; that the company had the right to regard him as being fully authorized to act for the beneficiaries in the matter, and whether the failure to pay the premium was due to his inability to obtain the amount of money required, or any other cause, the mere fact of nonpayment, under the circumstances, constitutes neglect and refusal on the part of the plaintiffs to pay the premium, as alleged by the defendant in the plea referred to in that part of the opinion of the supreme court above quoted.

After a great deal of deliberation, I feel constrained to hold that as the main questions above outlined were fully considered by this court and by the circuit court of appeals, and decided in favor of the plaintiffs, and as the decisions of these questions are left undis-

turbed by the supreme court, they must now be regarded as the law of this case. A cluster of cases involving the same or kindred questions were brought before the supreme court by this defendant, and argued by eminent lawyers in connection with this case; and it is fair to assume that all the different phases of the questions were pressed upon the attention of the court. See Mutual Life Ins. Co. Cases, 178 U. S. 327–353, 20 Sup. Ct. 906–915, 44 L. Ed. 1088–1099; Insurance Co. v. Cohen, 179 U. S. 262, 21 Sup. Ct. 106, 45 L. Ed. 181. It appears that both questions did receive attention, and there was a fair opportunity to decide them finally, so as to terminate the litigation, if the decision sustained the defendant in either of its contentions; but the supreme court refrained from giving any instructions to the court to which the case was remanded, unless an inference unfavorable to the defendant may be drawn from the fact that this case was distinguished from the Cohen Case. If the lower courts erred in holding that this policy could not be canceled for nonpayment of premiums, without compliance on the part of the defendant with the New York statute, the special plea which contained the allegation that these plaintiffs failed, neglected, and refused to pay the second premium is complete, and sufficient to constitute a valid defense, without that allegation, and the particular matter which the supreme court adjudged to be a valid defense is superfluous, or else the preceding allegations as to the place where the contract was actually made, and as to nonpayment by the father of the plaintiffs, tendered only an immaterial issue; for if the statute of New York prescribing that a particular notice must be given, and that any agreement contained in the policy waiving that prescribed notice shall be void, is not applicable, and if the stipulations contained in the policy and the laws in force in the state of Washington are controlling, then the right of the company to cancel the policy became absolute when the time had passed for the payment of the second annual premium, and the refusal of these children to pay that premium after the policy was already dead is very much like skinning a dead body, but could have no effect on the legal rights of the parties. The opinion of the supreme court, and the references therein made to its decisions in the other cases, show that it was adjudged by that court that an agreement by competent parties to abandon a policy of insurance would constitute a complete bar to any action upon the policy, and it was shown that the answer contained allegations amounting to a plea of express abandonment by agreement between the defendant and George Dana Hill; but instead of reversing the judgment for error in not giving effect to the plea of abandonment by George Dana Hill, as it should have done, if he was authorized to terminate the rights of the plaintiffs, the court intentionally refrained from expressing any opinion on the question as to the binding effect on the rights of the plaintiffs of his acts and omissions alleged in the answer. The opinion points out that the defendant by its answer raised an issue as to the intentional conduct of the plaintiffs themselves in refusing to pay the premium, distinct from the alleged agreement made by their father to abandon the policy,

and it is obvious that the decision of the supreme court is hinged upon this issue as to the individual conduct of the plaintiffs themselves. That is made a material issue, and I think that it is the only issue which, under the mandate from the supreme court, was reopened for adjudication in this court.

The motion must be denied.