[No. 8,241.—Department One.]
May 12, 1882.

## LUTHER C. TIBBETS ET AL. v. THOMAS BLADE.

ACTION FOR PUBLIC NUISANCE—JUDGMENT ON THE PLEADINGS.—Appeal. from a judgment for the defendant in an action for damages for a public nuisance committed by obstructing a highway, and from an order denying a motion made by the plaintiff after judgment to set aside the judgment and enter judgment in his favor on the pleadings.

*Held:* The motion was irregular and was properly denied; and if a like notice had been made at the commencement of the action, it should have been denied, because all the material allegations of the complaint are denied in the answer.

ID.—EVIDENCE—EJECTMENT.—Even if the action could be construed as in ejectment for the premises alleged to have been intruded upon by the defendant, evidence as to the intrusion was properly excluded in the absence of evidence of seisin or possession by plaintiff.

ID.—COMPLAINT.—But the complaint clearly shows that the action is to recover damages for a public nuisance and is defective in not alleging special damages to the plaintiff.

APPEAL from a judgment for the defendant and from an order rendered after judgment in the Superior Court of San Bernardino County. ROLFE, J.

The complaint was as follows:

Plaintiffs complain and allege that a short time anterior to the twelfth day of March, 1879, they were the owners and possessors of the one quarter section, west one half of southwest one quarter of section thirty-four, township two, south range five west, containing eighty acres of land.

That plaintiffs appropriated over twenty-five feet on the west side of said land, running the entire distance of half a mile towards a public road called Magnolia avenue, running north and south, and plaintiffs set thereon a row of pepper and eucalyptus trees eight feet apart, two thirds the entire distance in a straight line, on said avenue.

That on the twelfth day of March, 1879, plaintiff sold and deeded to one Elvira D. Bartlett part of said described land, commencing at a point on said avenue leading from Riverside to Temescal, thirty rods and twelve feet from the northwest corner of the Government survey of said lot of land, and running south two hundred and nine feet parallel with said

avenue, thence at right angles two hundred and eight and one half feet, thence at right angles two hundred and nine feet, thence right angles two hundred and eight and one half feet to the place of beginning, containing one acre and sixteen square feet of land.

The plaintiffs sold and deeded to said Bartlett up to and parallel with said trees set out and owned and held by plaintiffs, but did not include said trees nor the land on which they stood, and plaintiffs measured off said land and put good and substantial stakes on the four corners so that there could be no mistake about the line.

That said Bartlett did, on or about the ninth day of October, 1880, sell said land herein described to defendant, and defendant moved thereon an old blacksmith shop, and defendant cut down and destroyed several of said trees, and erected said shop some two feet over the line herein described, and on said avenue, thereby breaking said straight line of trees and taking in some two hundred and eighteen square feet of land belonging to plaintiffs more than was sold and deeded to said Bartlett.

That when defendant was constructing his said shop on said land, plaintiffs often called defendant's attention to the fact that defendant was trespassing over the line and upon plaintiffs' land, dedicated to said avenue, but defendant willfully and maliciously persisted in building and holding over said line as herein described, notwithstanding plaintiff pointing out to defendant the corner-posts put in by plaintiffs, and which defendant took up or broke down in order to extend said shop over said line. And plaintiffs further complain and allege that defendant has taken exclusive possession of a certain portion of said highway, to wit: some two feet by one hundred and nine feet, thereby excluding the public from the use of it as a public highway, and thereby destroying the design of a sidewalk, and destroying the straight line of trees and the beauty of said avenue, and thereby depreciating the value of plaintiffs' land herein set forth. And, further, that defendant has constantly, in front of said shop and in the public highway, a lot of old wagons, plows, cultivators, harrows and other articles for repair which disturbs the public travel and destroys the beauty and symmetry of said avenue.

That said shop, situated as it is, some two feet in the public traveled road, and the old, dilapidated state it is in, the same is a nuisance to plaintiffs and to the community and traveling public.

That all right and title to said land, constituting the part appropriated for said avenue by plaintiffs, is in the name of plaintiffs, there having been no sale or deed given to the county, and it not having been appropriated for the period of five years.

Wherefore plaintiffs allege that they have sustained the sum of five hundred dollars damage. And plaintiffs pray judgment that defendant is indebted to them in the sum of five hundred dollars damage, and that said nuisance be abated by the removal of said blacksmith shop from said public road, and far back on defendant's land sufficient for his customers to leave their wagons and farming utensils for repair in front without obstructing said highway, together with costs of this action.

"LUTHER C. TIBBETTS."

[Duly verified.]

*Luther C. Tibbetts,* (in person) for Appellants.

*Harris & Allen,* for Respondent.

The COURT:

After verdict in favor of defendant, and judgment thereon, plaintiff moved to set aside the judgment and for judgment in his favor on the pleadings for five hundred dollars—expressly waiving a motion for new trial. The motion was irregular and was properly denied.

But even if the like motion had been made at the commencement of the trial, it should have been denied, because, all the material averments of the complaint are denied by the answer.

If disconnected statements of facts can be culled from the complaint such as might constitute the statement of a cause of action in *ejectment,* the objections made by defendant to evidence offered by plaintiff (as the same are set forth in the bill of exceptions) were properly sustained, in the absence of

evidence of seisin or possession by plaintiff of the premises alleged to have been intruded upon by defendant.

But the complaint clearly shows that the action is brought to recover damages for a public nuisance committed by obstructing a highway. The complaint contains no averment of facts showing special damage such as would authorize a private person to maintain the action.

Judgment and order affirmed, with twenty-five per centum damages.