[L. A. No. 618.  Department One.—May 23, 1900.]

F. R. WEIDENMUELLER, Appellant, v. STEARNS RANCHOS COMPANY et al., Respondents.

INJUNCTION—LOWERING OF CANAL—PRESCRIPTIVE USER—PLEADINGS—SUFFICIENCY OF DENIALS.—In an action 'to enjoin a canal company from lowering its canal, where plaintiff bases his alleged ownership of a right to take water from the canal at its former level upon continuous adverse user thereof for five years, an answer denying such continuous user, or that defendant has recognized any right of plaintiff, or that plaintiff has any right to take any water from the canal except by permission of defendant under proper regulations, etc., is sufficient to raise issues upon the material allegations of the complaint.

ID.—TRIAL OF ISSUES—OBJECTION UPON APPEAL FOR THE FIRST TIME.—Where the answer was treated at the trial as raising issues upon all of the material allegations of the complaint in the reception of evidence, it cannot be objected upon appeal for the first time that an averment of ownership in the complaint was admitted because not sufficiently denied.

ID.—FINDINGS OF FACT—RIGHTS OF PLAINTIFF—ULTIMATE FACTS—CONCLUSIONS OF LAW.—Findings that the level at which the plaintiff had been accustomed to receive his water was not established by defendant as the level at which plaintiff had the right to receive the water, and that plaintiff had no prescriptive or other right to receive water from said canal at any other level than the bottom of said canal, are findings of ultimate facts, and not of conclusions of law.

· APPEAL from a judgment of the Superior Court of Riverside County.    J. S. Noyes, Judge.

The facts are stated in the opinion.

John G. North, for Appellant.

E. W. McGraw, for Respondents.

COOPER, C.—This appeal is from the judgment. It is claimed that the findings are contrary to the admissions of the pleadings, and that they do not support the judgment.

The complaint alleges, in substance, that the defendant corporation is the owner of a canal known as the North Riverside and Jurupa canal, subject to the right of plaintiff to carry and receive waters from and through the same. That plaintiff is the owner of four and thirty-three hundredths inches of water, measured under a four-inch pressure, and of the right to convey the same through the said canal, and take the same therefrom, and that plaintiff has continuously received and taken the said water from the canal, for the purpose of irrigating his fruit trees upon the land described in the complaint, upon the same level and in the same manner as in the year 1890, and has at all times claimed the right to do so. That plaintiff has the right to take his said water from said canal upon the same level as heretofore, and that defendants threaten to, and will, unless restrained by the court, lower the grade of the canal, so as to prevent plaintiff from taking out water on said level, or at all, except on so low a level as to prevent the irrigation of about one acre of plaintiff's land.

Judgment is prayed for an injunction to prevent defendants from lowering the said canal and thus preventing plaintiff from taking his water upon the same level as heretofore. The pleadings were verified.

It is claimed that the answers do not deny plaintiff's ownership of the water, his right to carry the same through the canal and receive it therefrom, that the water has been continuously taken and used by plaintiff since 1890 upon the level as then used, and that this level is no higher than necessary to enable plaintiff to irrigate his premises. Plaintiff evidently bases his claim to receive the water from the canal upon continuous adverse user for five years.

The answers deny that the plaintiff has continuously used said water for as much as five years, or that any right of plaintiff to take the waters from said canal has been recognized by defendants, or that plaintiff has the right to take any water from said canal, except by permission of defendants, under proper regulations, or that plaintiff has any right or easement in said canal, except under written deeds from the Jurupa Land and Water Company, and aver that said right is subject to the proper and reasonable rules and regulations of defendant corporation. The answers further aver affirmatively that on the twenty-third day of May, 1888, the Jurupa Land and Water Company, a corporation, went into the exclusive possession and management of said canal, and that defendant corporation has not been in the possession or control thereof since 1889. That in March, 1894, the possession and control thereof was let to tenants, who have ever since been in the possession thereof and managing the same.

We think the answers were sufficient to raise issues upon all the material allegations of the complaint. They were evidently deemed sufficient at the trial, and the case was tried upon the theory that the allegations of the complaint were denied. This court does not look with approval upon the practice of trying a case in the lower court upon the theory that the pleadings are sufficient, and, without making any objection to them or to the evidence, raising the point here for the first time that some of the issues were, in fact, admitted. The plaintiff should not be allowed to lull the defendant into repose by introducing evidence upon each and every issue, and allowing the defendant to do the same, and then, if the verdict or decision is against him, to say for the first time in this court that some of the allegations of the complaint were not denied.

The findings support the judgment. The court found that the level at which plaintiff had been accustomed to receive his water was not established by defendant corporation as the level at which plaintiff had the right to receive the water. That plaintiff had no prescriptive or other right to receive water from said canal at any other level than the bottom of said canal.

The objection is made that these findings are mere conclusions of law and not findings of fact. We think they are find-

ings of fact, according to the decisions of this court. It is said in *Levins v. Rovegno,* 71 Cal. 275: "The line of demarcation between what are questions of fact and conclusions of law is not one easy to be drawn in all cases. . . . . If, from the facts in evidence, the result can be reached by that process of natural reasoning adopted in the investigation of truth, it becomes an ultimate fact, to be found as such. If, on the other hand, resort must be had to the artificial processes of the law in order to reach final determination, the result is a conclusion of law." The following have been held to be findings of fact: "That plaintiff did not rescind said sales." (*Hollenbach v. Schnabel,* 101 Cal. 317.) "That plaintiff was not the owner." (*Daly v. Sorocco,* 80 Cal. 368.) "That Elizabeth Zink has no right, title, interest, claim, or lien of, in, or to or against any of the land or premises." (*Dam v. Zink,* 112 Cal. 93.) In the latter case it is said that it was not necessary for the court to state certain facts "as a reason for finding the issue as to the lien against the appellant."

In this case it was not necessary for the court to give its reason for finding that plaintiff had no prescriptive or other right to receive water from any other level than the bottom of the canal. The evidence given at the trial furnished the reasons for the ultimate finding, and if the reasons were not sufficient the evidence could have been brought here and the finding challenged. If the finding that "sales were not rescinded" is an ultimate finding depending upon probative facts, and the finding that "no lien" existed is also such ultimate finding, we fail to see why a finding "that plaintiff has no prescriptive right" is not an ultimate finding of fact. It depends upon certain probative facts, which, in their turn, depend upon evidence. In the case of *Blum v. Weston,* cited by plaintiff, the finding "that defendant had no right of way" was not the result from the other facts found. The court had found that the land was sold to defendant's grantors with no means of egress or ingress to and from the land, and other facts, and this court said: "This finding contains facts showing, when taken in connection with the facts hereinbefore stated, all that is necessary to create a way of necessity." The court, instead of saying that the phrase "defendant had no right of way" was

a conclusion of law, might more properly have said that it was, as an ultimate finding, inconsistent with and not supported by the probative facts previously found.

Plaintiff in his brief, speaking of the allegation that he is "the owner of the right," says this is an "allegation that plaintiff is the owner of certain property, to wit, an easement," and then says: "The allegation of ownership is of an ultimate fact." If the allegation that plaintiff "is the owner of an easement" is the allegation of an ultimate fact for plaintiff, then the finding that plaintiff is not the owner of a prescriptive right is the finding of an ultimate fact for defendant.

The judgment should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.       Van Dyke, J., Harrison, J., McFarland, J.