[S. F. No. 2824.   Department One.—April 21, 1904.]

## JAMES E. DAMON, Respondent, v. MARY QUINN et al., Defendants; MARY QUINN, Appellant.

FORECLOSURE OF MORTGAGE—APPEAL BY MORTGAGOR—ABSENCE OF EVIDENCE—FINDINGS—ISSUES RAISED BY ANSWER—PRESUMPTIONS.— Upon appeal by the mortgagor from a judgment of foreclosure, where there is no statement or bill of exceptions, and the evidence is not part of the record, and a specific amount less than that demanded in the complaint is found to be due, and the allegations of the complaint were found to be true, it must be presumed in favor of the judgment that there was no evidence· making any additional or different findings necessary upon the issues of payment and partial failure of consideration raised by the answer, so far as not covered by the findings made.

ID.—ATTORNEY'S FEE—STIPULATION IN MORTGAGE—PLEADING—FINDINGS —SURPLUSAGE.—Where the complaint alleged that the mortgage provided for an attorney's fee of fifteen per cent upon the amount

found due, and prayed judgment for such percentage in a specified amount, it was sufficient to warrant the court in fixing an attorney's fee. The complaint need not allege what would be a reasonable attorney's fee, nor allege the non-payment thereof; but when confirmed by the general findings, it is sufficient to sustain the judgment so far as including an attorney's fee, and another special finding that a sum specified was due "for costs, percentage, and necessary disbursements" will be disregarded as unnecessary and surplusage.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion.

T. M. Osmont, for Appellant.

Moses G. Cobb, for Respondent.

GRAY, C.—This is an action upon a promissory note to foreclose a mortgage securing the same. Plaintiff had judgment against all the defendants. The mortgagor, Mary Quinn, who also executed the note, appeals from the judgment. There is no bill of exceptions or statement of the case.

1. The answer pleads partial failure of consideration, and also denies non-payment, and alleges part payment of the principal of the note. It is contended that these issues are not disposed of by the findings. As to the question of payment or non-payment and the amount paid, we think that is fully disposed of by the findings, reading as follows: "That there is now due and owing to the plaintiff, James E. Damon, from the defendant Mary Quinn, upon the promissory note and for money expended under the terms of said mortgage, as set forth and described in plaintiff's complaint, the sum of $1,466.84, and that the defendant Mary Quinn is personally liable for the whole amount thereof. . . . That each and all of the allegations and averments in plaintiff's complaint contained are true and correct." A further answer to this contention is, that it does not appear whether any evidence was received as to these issues or not. We will not, to overthrow the judgment, infer from the fact that the judgment is less than asked for in the complaint that there must have been evidence introduced as to these issues favorable to defendant; but we will, in the absence of any record to the contrary,

indulge in all proper presumptions to uphold the judgment. Accordingly, we will presume that there was no evidence making any additional or different findings necessary. "Error is not to be presumed, and if the appellant would contend that the court should have found for his counterclaim a greater amount, it was incumbent upon him to cause the record to show that such finding was required by the evidence." (*Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692; *Himmelman* v. *Henry,* 84 Cal. 104.)

2. Appellant complains of a finding which reads: "That there is also due the plaintiff from said defendant one hundred and thirty-five dollars, costs, percentage, and necessary disbursements." This finding, in view of the finding that each and all the allegations of the complaint are true, is entirely unnecessary, and may therefore be disregarded as surplusage. The complaint alleges that the mortgage provided for an attorney's fee of fifteen per cent upon the amount which may be found to be due; and that plaintiff paid the taxes on said real property to the amount of $1.42. A copy of the mortgage is attached to the complaint as an exhibit, and made part thereof, and it confirms plaintiff's right to these attorney's fees and to a recovery of the taxes so paid. The complaint prays, among other things, for the recovery of these taxes "and for $200 attorney's fees provided for in said mortgage." These allegations, confirmed by the findings, were sufficient foundation for that portion of the judgment in excess of the amount found to be due as principal and interest on the note.

It was not necessary to allege in the complaint what sum would be a reasonable attorney's fee in the case. The court is to determine the reasonable amount of this fee within the limits of the contract contained in the mortgage. (Code Civ. Proc., sec. 726.) Nor was it necessary to allege in the complaint non-payment of an attorney's fee which had neither been earned in full nor yet fixed by the court.

We advise that the judgment be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.       Van Dyke, J., Angellotti, J., Shaw, J.