[Civ. No. 2933. First Appellate District, Division One.—November 3, 1919.]

CALIFORNIA CANNERIES COMPANY (a Corporation), Respondent, v. GREAT WESTERN LUMBER COMPANY (a Corporation), Appellant.

[1] CONTRACTS—BREACH—PERFORMANCE OF CONDITIONS PRECEDENT—PLEADING.—In an action for damages for an alleged breach of a contract, performance of conditions precedent in the contract must be averred in the complaint, either specifically or by authorized general averment, or a waiver thereof alleged.

[2] ID.—NECESSITY FOR REQUEST—PLEADING AND PROOF.—Whenever it is essential to a cause of action for breach of contract that the plaintiff should have actually requested the defendant to perform its contract, such request must be stated in the complaint and proved.

[3] ID.—WHEN REQUEST CONDITION PRECEDENT.—If the contract which has been broken provided for the delivery of the goods to the buyer on request, it is a condition precedent to the buyer's right of action that he should make this request.

[4] ID.—ACTION FOR BREACH—PLEADING—FINDING—APPEAL—PRESUMPTION—EVIDENCE.—Where the complaint in an action for damages for an alleged breach of contract for the delivery of box-shook alleges "that defendant has failed, neglected and refused to deliver" an amount of box-shook, and the court finds "that defendant has broken said agreement, in that it failed, neglected and refused to deliver" the same, it must be assumed on appeal, in the absence of a bill of exceptions, that the evidence presented in support of this finding was competent to establish the allegation of the complaint, and was received without any objection, and was sufficient to sustain the facts found.

[5] ID. — IMPERFECTLY PLEADED FACTS — PRESUMPTIONS AFTER JUDGMENT.—The court will intend, after judgment, in order to support it, that facts imperfectly alleged have been established, but it will not presume for such purpose that material facts not at all stated have been proved.

[6] ID.—REMEDY OF DEFENDANT.—In an action for damages for an alleged breach of contract, if there is not an absence of an averment as to the performance of the conditions precedent but only a defective pleading of such performance, the point will be well taken upon special demurrer, but not upon a general demurrer.

[7] ID.—DEMAND FOR DELIVERY—CONDITION PRECEDENT—SUFFICIENCY OF ALLEGATION.—In an action for damages for an alleged breach of contract for the delivery of box-shook, an allegation in the

complaint "that defendant has failed, neglected and refused to deliver" the box-shook is an allegation from which the giving of the necessary orders to the defendant to furnish such box-shook as required by the contract may reasonably be implied.

[8] APPEALS—POINTS NOT RAISED ON SUBMISSION—REHEARING.—A rehearing will not be granted to consider points not presented in the briefs or arguments upon which the case was submitted for decision. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Marcel E. Cerf and C. H. Sooy for Appellant.

John R. Jones for Respondent.

WASTE, P. J.—Plaintiff brought this action to recover damages for alleged breach of a contract to furnish material for making boxes. Defendant, after demurrer (general as to the point here involved), overruled, denied generally and specifically the allegations of the complaint, and by way of cross-complaint set up a common count for goods, to wit, box-shook, sold and delivered. The trial court found in favor of plaintiff as prayed, but offset the damages by the amount claimed in the cross-complaint and entered judgment accordingly. Defendant appeals on the judgment-roll alone.

The complaint alleges the execution of the contract between the plaintiff and the defendant, setting forth a copy, and that the delivery of the box material was to be made in carload lots, at the cannery of plaintiff in San Francisco. Then occurs the following allegation: "That defendant has failed, neglected and refused to deliver [certain described material], to plaintiff's damage in the sum of $4,167.94." This is followed by the prayer for judgment.

Under the terms of the contract, the defendant agreed to sell to plaintiff, and the plaintiff undertook to purchase, receive, and pay for, upon the specified terms and prices, "their entire requirements in box-shook for their own use." Defendant agreed to fill all orders promptly as it might receive the same from the plaintiff, all shook to be shipped between April 1, 1917, and January 1, 1918, as ordered

by plaintiff, delivery to be made within ten days from the time the order was received.

The court found "that defendant has broken said agreement, in that it has failed, neglected and refused, to deliver" the material as in the complaint described; that plaintiff thereupon purchased said box-shook in the open market and paid therefor the market value, to wit, $14,864.55; that the price for the same, according to the contract, was $10,-696.61; that the difference between the market value and the contract price was $4,167.94; that plaintiff was indebted to defendant, for box-shook sold, $2,311.91, which amount, plus a small demurrage charge, was deducted from the difference between the contract price and the amount plaintiff was compelled to pay in the open market. The judgment before mentioned followed these findings.

But one question is presented for consideration on this appeal. Does the complaint state facts sufficient to support the judgment? Appellant contends that the judgment must be reversed because it does not appear from the complaint that the plaintiff ever required of defendant any box-shook that was not delivered, or gave any orders to defendant that were not promptly filled, or delivery made within the time specified in the contract. In other words, it insists that it was a condition precedent, devolving on plaintiff, to make a demand for the delivery of such box-shook as it required, before defendant was obligated to deliver, and that the failure to allege such demand in its complaint is fatal to plaintiff's cause of action.

[1] It is a general rule that performance of conditions precedent in a contract must be averred in the complaint, either specifically or by authorized general averment, or a waiver thereof alleged. (21 R. C. L. 462.) [2] Whenever it is essential to the cause of action that the plaintiff should have actually requested the defendant to perform its contract, such request must be stated in the complaint and proved. (4 Ency. of Pl. & Pr. 647.) [3] "If the contract which has been broken provided for the delivery of the goods to the buyer on request, it is a condition precedent to the buyer's right of action that he should make this request." (Benjamin on Sales, 7th ed., sec. 878.) Such request must be both alleged and proved. (*Radford* v. *Smith,* 3 Mees. & W. 257, 258, cited in Benjamin on Sales, *supra.*)

[4] Compliance with the requirements of these rules of procedure is to be found, if at all, in the allegation of the complaint "that defendant has failed, neglected and refused, to deliver" an amount of box-shook, and in the finding of the lower court "that defendant has broken said agreement, in that it failed, neglected and refused to deliver" the same. In the absence of any bill of exceptions it must be assumed that the evidence presented in support of this finding was competent to establish the allegation of the complaint, and was received without any objection, and was sufficient to sustain the facts found. (*Cutting Fruit Packing Co.* v. *Canty*, 141 Cal. 692, 695, [75 Pac. 564]; *Damon* v. *Quinn*, 143 Cal. 75, 77, [76 Pac. 818].) The allegation of the complaint, therefore, stands proved, and it only remains to determine whether or not it sufficiently states the performance of the required condition precedent resting on plaintiff, i. e., the making of a proper request, or demand, for the delivery of the box-shook it required.

[5] The court will intend, after judgment, in order to support it, that facts imperfectly alleged have been established, but it will not presume for such purpose that material facts not at all stated have been proved. (*Barron* v. *Frink*, 30 Cal. 486, 489; *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 505, 507, [22 Pac. 939]; *San Francisco* v. *Pennie*, 93 Cal. 465, 468, [29 Pac. 66]; *Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 386, 397, [43 Pac. 1111]; *San Joaquin Lumber Co.* v. *Welton*, 115 Cal. 1, [46 Pac. 735, 1057].) If therefore, there is no statement in the complaint of the performance of the condition precedent, the contention of appellant must be upheld. [6] On the other hand, if there was not here an absence of a material averment, but only a case of a material averment defectively pleaded, the point might have been well taken upon special demurrer, but the objection may not now be heard. (*Merrill* v. *Pacific Transfer Co.*, 131 Cal. 582, 585, [63 Pac. 915].)

Respondent takes the position that the term "refused to deliver," in the complaint, viewed in the light of the entire pleading, is an averment, sufficient after judgment, because the facts essential to the cause of action appear therein by reasonable implication, in that a refusal implies a demand. This contention appears to be well supported by a number of authorities.

In *Mutual Life Ins. Co.* v. *Hill,* 97 Fed. 263, [49 L. R. A. (N. S.) 127, 38 C. C. A. 159], the answer to the amended complaint alleged as a separate defense that certain premiums upon a policy of life insurance became due and that both the insured and beneficiary "failed, neglected, and refused to pay" the same to the defendant, by reason whereof the said policy of life insurance became void and of no effect. A demurrer was interposed to this defense on the ground that it failed to state facts sufficient to constitute a defense, and the demurrer was sustained. On *certiorari* in the United States supreme court (*Mutual etc. Co.* v. *Hill,* 178 U. S. 347, at 350, [44 L. Ed. 1097, 20 Sup. Ct. Rep. 914, see, also, Rose's U. S. Notes]), it was held that the allegation in the answer "does not disclose a mere omission, for it is 'neglected and refused,' and, of course, there can be no refusal unless with knowledge of the opportunity or duty. A party cannot be said to refuse to do a thing of which he knows nothing. Refusal implies demand, knowledge, or notice." The judgment of the circuit court of appeals was reversed, and the case remanded, with instructions to overrule the demurrer to the answer.

In *Bowen* v. *Young,* 37 Misc. Rep. 547, [75 N. Y. Supp. 1027, 1029], while the facts were somewhat similar, the position of the parties was reversed. It appeared from the complaint that the defendants purchased under the contract certain Niagara clips, to be made and delivered as required in such quantities as should from time to time be ordered. It was alleged that defendant, after ordering a certain amount of the commodity, refused and neglected, and still refuses and neglects, to accept any further quantity, or to place his order for the same, or carry out the contract in any respect. On demurrer it was urged that it did not appear in the complaint that the plaintiff's assignor had tendered a performance of the contract by offering to deliver the balance of the clips. The court said: "In determining whether a complaint should be sustained as sufficient, we have to consider, not only the facts alleged, but also all that can, by reasonable and fair intendment, be implied from them; and averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action. (*Coatsworth* v. *Lehigh Valley Ry. Co.,* 156

N. Y. 451, [51 N. E. 301].) Under the contract, it appears that the clips were to be manufactured from time to time in such quantities as ordered. And it appears that the defend-ant, since February 16, 1897, up to the time of the assignment, refused to order any of the clips. The word 'refuse,' as defined by the Century Dictionary, means 'to deny, as a request, demand, or invitation: to decline to accept; reject; as to refuse an offer.' " Therefore, under the complaint, the court held it was proper to show that the plaintiff's assignor, down to the time of their assignment to the plaintiff, offered to manufacture and deliver clips to the defendant, and that such offers were declined by him.

In *Shaler* v. *Van Wormer,* 33 Mo. 386, 388, the action was by the indorsee against the maker and indorser of a nego-tiable promissory note. The court said: "Neither demand nor notice is expressly averred, but both by clear implica-tion. The petition, after the usual averments in regard to the making and indorsement of the note, proceeds thus: 'at the maturity of said note, the same was duly presented for pay-ment at the banking-house of said Jesson and Danjen, and payment thereof was refused; . . . ' The averment 'that payment was refused' presupposes a previous demand of payment. The word 'refuse' signifies 'to deny a request, demand, invitation or command,' and the proof of the re-fusal to pay necessarily involves the proof of the previous de-mand." In *Divan* v. *Loomis,* 68 Wis. 150, 151, [31 N. W. 760, 761], the allegation was that the defendants "wholly and positively refused to perform their said agreement." The demurrer to the complaint was overruled. On the ap-peal the order of the lower court was affirmed, the court say-ing: "It is said that the complaint is insufficient because it fails to aver any request of Loomis to comply with the terms of the alleged agreement. An allegation of refusal implies a previous demand, and is equivalent to an allega-tion of a demand and refusal. (*Hammond* v. *Mason & H. O. Co.,* 92 U. S. 724, [23 L. Ed. 767, see, also, Rose's U. S. Notes]; *Bogie* v. *Bogie,* 41 Wis. 220.) This being so, the breach is sufficiently alleged." In *Burns* v. *Fox,* 113 Ind. 205, [14 N. E. 541], the court, while adhering to the rule that in actions in specific performance it is necessary for the plaintiff to show that he has made a demand for a convey-ance, held the use of the word "refused" in the complaint

implied such a demand. In *Davis* v. *Lumpkin,* 106 Ga. 582, 586, [32 S. E. 626, 628], it was held that the ordinary meaning of the word "refuse" carries the idea of an application to the person refusing. Again, in *Beckhard* v. *Rudolph,* 68 N. J. Eq. 740, 747, [63 Atl. 705, 707], it was held that the term "refuse" naturally, if not necessarily, imports a previous demand, or request for payment. In *People* v. *Perkins,* 85 Cal. 509, 511, [26 Pac. 245, 246], the court said: "To refuse is to decline the acceptance of something offered or to fail to comply with some requirement. Neglect imports the omission or disregard of some duty. . . . The power to refuse a thing, or neglect a duty, must necessarily be based upon a knowledge of the existence of the thing, or duty."

[7] In the light of these authorities, we are satisfied that under the more liberal rule of construction, to be applied to pleadings after judgment entered, we are justified in holding that the allegation of the complaint that the defendant "failed, neglected, and refused to deliver the box-shooks" in question is an allegation from which the giving of the necessary orders to the defendant to furnish the same may be reasonably implied. There is not, therefore, such an entire absence of a material averment as to render the complaint fatally defective. As appellant did not avail itself of the opportunity to assail the infirmity of the averment by special demurrer, it cannot now successfully advance such contention.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 2, 1919, and the following opinion then rendered thereon:

THE COURT.—In submitting this case for decision, appellant presented and argued but a single point raised by its demurrer to respondent's complaint, to wit, that the complaint was insufficient by failure to allege performance of a condition precedent. We considered that objection and decided it correctly. In its petition for a rehearing other objections to the complaint, and to the sufficiency of the findings, are called to our attention for the first time. [8] A rehearing will not be granted to consider points not pre-

sented in the briefs or arguments upon which the case was submitted for decision. (*Kellogg* v. *Cochran*, 87 Cal. 192, 200, [12 L. R. A. 104, 25 Pac. 677]; *Flores* v. *Stone*, 21 Cal. App. 105, 111, [131 Pac. 348, 351, 352].)

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 2, 1920.

All the Justices concurred.