[Civ. No. 3162.  First Appellate District, Division One.—December 26, 1919.]

## I. D. BRETT, Appellant, v. VANOMAR PRODUCERS (a Corporation), Respondent.

[1] CONTRACTS—INTERPRETATION OF—ACTION FOR BREACH—EXTRINSIC EVIDENCE—WHEN ADMISSIBLE.—Where a contract relating to the purchase of a crop of beans is not so plain and unambiguous as to speak for itself unaided by extrinsic evidence, in an action for a breach thereof, testimony as to the nature and details of the transaction, the custom prevailing in the community in the raising of beans, and the sale of the crop, and matters incidental thereto, is admissible, not for the purpose of varying the terms of the con-

tract, but to explain it and to enable the court to arrive at and interpret it in the sense in which the parties understood it.

[2] ID.—APPEAL—ABSENCE OF EVIDENCE—PRESUMPTION.—In the absence of any transcript of the testimony or bill of exceptions, on appeal from the judgment in such action, it must be assumed that the evidence presented in support of the findings was competent to establish the allegations on which they were based, and was received without any objection, and was sufficient to sustain the facts found.

[3] ID.—CONSTRUCTION OF—FINDINGS—WHEN OF LAW OR FACT.—The construction of a contract, where that construction is to be arrived at from a mere reading of the agreement itself, or from such reading aided by extrinsic evidence of circumstances and the like, is always a construction of law; but when the meaning and construction of the contract are doubtful and depend upon extrinsic evidence, there may be a conflict in the extrinsic evidence itself, in which case the determination of that conflict results in a finding of pure fact.

[4] ID.—ISSUES—FORM OF STATEMENT IN COMPLAINT—SUFFICIENCY FOR PURPOSE OF FINDINGS.—Where in an action for a breach of contract the plaintiff has selected his own terms by which to tender the material issue of fact as to what the contract was, that form of statement is sufficient for the purpose of a finding.

[5] ID.—SUFFICIENCY OF ANSWER—TRIAL—WAIVER—APPEAL.—Where no demurrer to the answer is interposed, and no objection thereto is made at the trial, the plaintiff will not be heard to assert for the first time on appeal that the answer of the defendant is not sufficient to raise issues upon certain material allegations of the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ben F. Gray and Geo. S. Hupp for Appellant.

J. R. Whittemore and Kennicott & Williams for Respondent.

WASTE, P. J.—In this action plaintiff, assignee of the purchaser, sought damages for the alleged breach by the seller of a contract for the sale of a crop of beans. Judgment was entered for the defendant, and the plaintiff appeals, on the judgment-roll alone.

The reciprocal rights of the respective parties are to be determined by the construction to be placed on the contract contained in a letter written by the defendant corporation to the plaintiff's assignor, A. G. Martin & Son, under date of February 23, 1916, the material parts of which (address and signature omitted) are as follows:

"This is to confirm our understanding of the conversation between Mr. Williamson, myself and your firm on February 17th. You are to purchase from the association the crop grown on 650 acres planted to Henderson bush lima beans not in excess of eight sacks to the acre at $4.85 per cwt. f. o. b. Owensmouth. Delivery to be made and the beans be accepted within thirty days after threshing.

"We also are to give you the preference for the purchase of the balance of the association's members crop of Henderson bush lima beans, other things being equal, and you are to exercise this option within ten days after being notified that the beans are ready for delivery."

Placing an interpretation upon the contract most favorable to itself, plaintiff's contention is that the defendant agreed to sell, and deliver, to Martin & Son, the crop of beans grown upon 650 acres of land, not in excess of eight one hundred pound sacks to the acre at $4.85 per cwt. f. o. b., and also gave the partnership a preference to purchase the balance of the association members' crop of Henderson bush lima beans, wherever grown, other things being equal, said option to be exercised within ten days, upon being notified that the beans were ready for delivery. Plaintiff further alleged in his complaint that 650 acres were planted to beans and produced an average of twelve one hundred pound sacks of beans to the acre, or seven thousand eight hundred sacks; that in addition thereto the members of said association planted, and the said association had the sale and marketing of, 380 acres of beans, which yielded an average of ten sacks to the acre, or three thousand eight hundred one hundred pound sacks; that of the said crop of seven thousand eight hundred sacks defendant had delivered three thousand sacks and no more, to the damage of Martin & Son in the sum of $2,530. It further alleged that before the beans were ready for delivery Martin & Son notified the defendant that they intended to exercise their option under the contract to purchase the balance of said beans, wherever grown, but as a

matter of fact the defendant had sold the beans, and that by reason of its failure to deliver the remaining eight thousand six hundred sacks of beans, so grown, Martin & Son were damaged to the extent of $20,850, that sum being the difference between the market price of twelve dollars for each one hundred pound sack, when the said beans were ready for delivery, and the alleged contract price of $4.85, the figure at which the plaintiff contends Martin & Son was entitled to purchase under its contract.

These allegations were in effect denied by the defendant, which pleaded, in full, the contract hereinbefore set out. It further alleged that previous to and at the time of execution and delivery of the contract, the defendant advised Martin & Son that it did not have any particular acreage signed for, but that it hoped to be able to close the contracts with its members for at least 650 acres of beans; that this crop Martin & Son agreed to purchase, the sacks to weigh eighty pounds each; that, it was further understood and agreed, if there was any excess over eight eighty-pound sacks to the acre grown on the 650 acres, for which defendants signed, Martin & Son were to be given preference on said excess, other things being equal, and were to pay for such excess the market price of said beans at the date of delivery. It alleged full performance of all the terms of the contract on its part to be performed, and denied that Martin & Son were able to perform on their part, but were, in fact, financially unable to purchase any beans in excess of eight eighty-pound sacks to the acre on 650 acres of land, and had so advised defendant previous to, and at the time of, and subsequent to, the execution and delivery of the contract.

[1] The trial court was of the opinion, and, we think, correctly, that the contract was not so plain and unambiguous as to speak for itself unaided by extrinsic matters. It therefore took a large amount of testimony as to the nature and details of this particular transaction, the custom prevailing in the community in the raising of beans, and the sale of the crops, and matters incidental thereto. This testimony was admissible, not for the purpose of varying the terms of the contract, but to explain it, and to enable the court to arrive at and interpret it in the sense in which the parties understood it. (Civ. Code, secs. 1646, 1647.)   On

45 Cal. App.—19

the basis of this testimony the court made its findings.
[2] In the absence of any transcript of the testimony, or
bill of exceptions, it must be assumed that the evidence pre-
sented in support of the findings was competent to establish
the allegations on which they were based, and was received
without any objection, and was sufficient to sustain the facts
found. (*Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692,
695, [75 Pac. 564]; *Damon* v. *Quinn,* 143 Cal. 75, 77, [76
Pac. 818].)

The appellant contends that the findings of the lower court
purporting to construe the contract are not findings of fact,
but conclusions of law, and should be disregarded. [3] The
construction of a contract, where that construction is to be
arrived at from a mere reading of the agreement itself, or
from such reading aided by extrinsic evidence of circum-
stances and the like, is always a construction of law. (*Es-
tate of Thompson,* 165 Cal. 290, 296, [131 Pac. 1045].)
But when the meaning and construction of the contract are
doubtful and depend upon extrinsic evidence, there may be
a conflict in the extrinsic evidence itself, in which case the
determination of that conflict results in a finding of pure fact.
(*Aguirre* v. *Alexander,* 58 Cal. 21, 30; *Estate of Donnellan,*
164 Cal. 14, [127 Pac. 166].) The plaintiff has come into
court asserting the contract to be as he alleged. The defend-
ant has denied the construction, and has set forth what it
contends was the real contract. The evidence given at the
trial furnished the reasons for the ultimate finding, and, if
the reasons were not sufficient, the evidence should have been
brought here and the findings challenged. (*Weidenmueller*
v. *Stearns,* 128 Cal. 623, 626, [61 Pac. 374].) [4] Plaintiff
selected his own terms by which to tender the material issue
of fact as to what the contract really was, and the question
was submitted to the court in the language which the plain-
tiff employed. If the form of the statement was sufficient
for the complaint, it should not be held lacking for the pur-
pose of the finding. (*Napa Valley Packing Co.* v. *San Fran-
cisco etc. Funds,* 16 Cal. App. 461, 469, [118 Pac. 469].)
In the present instance, the court determined and found
what the contract between the parties really was, and that
there had been no breach on the part of the defendants. As
conclusion of law, the court determined that plaintiff's as-
signor had suffered no damage in the premises.

[5]    The contention of appellant that the answer of the defendant is not sufficient to raise issues upon certain material allegations of the complaint will not now be considered. No demurrer to the answer was interposed, and no objection thereto appears to have been made at the trial.    As was said in *Weidenmueller* v. *Stearns, supra* (page 625) : "This court does not look with approval upon the practice of trying a case in the lower court upon the theory that the pleadings are sufficient, and, without making any objection to them or to the evidence, raising the point here for the first time that some of the issues were, in fact, admitted."

The court found that the contract between the parties was not as contended for by the plaintiff, but as alleged by the defendant; that pursuant thereto the defendant contracted with growers for the purchase of beans from 650 acres, and in addition thereto, for the crop of beans to be grown on 321½ acres; that, according to the custom of the bean trade, known to both parties to the contract, and to the various growers, each grower reserved the right to retain a part of the crop so grown for seed for the next ensuing year's crop; that after compliance with the various contracts of purchase made by the defendants and growers, and in due performance thereof, according to the custom of the trade, the crop, amounting to 529,425 pounds, was pooled, and from the pool so in the hands of the defendant, Martin & Son received 403,320 pounds, which amounted to 49,103 pounds more than the specified average yield of eight sacks to the acre, on said 650 acres; that the defendants in July notified Martin & Son, in writing, that it had the contract for the additional acreage, and asked Martin & Son for a bid on said excess crop to be raised; that Martin & Son refused to pay more than $4.85 per hundred, whereas defendant had been offered five dollars per hundred for the additional crop; that again, in August, plaintiff notified Martin & Son that it still had the crop of the additional acreage for sale, whereupon Martin & Son again refused to purchase the same at any price other than $4.85 per hundred; that thereafter the defendant sold the crop on said additional acreage to other parties, receiving the price of $5.05 per hundred.

The judgment is affirmed.

Kerrigan, J., and Wood, J., *pro tem.*, concurred.