[Civ. No. 3608. First Appellate District, Division One.—October 26, 1920.]

## M. COONEY, Appellant, v. F. GRAY et al., Respondents.

[1] APPEAL—JUDGMENT-ROLL—ACTION TO RECOVER MONEY—FINDINGS —EVIDENCE—PRESUMPTION.—Upon an appeal on the judgment-roll alone from a judgment in favor of the defendants, in an action to recover certain money paid to them by plaintiff, it will be assumed that the evidence presented in support of the findings of the trial court that plaintiff gave the money to the defendants, that by the action she was attempting to convert that gift into a loan, that plaintiff did not place either confidence or trust in them, and that they did not, nor did either of them, use any deception to obtain an undue influence over plaintiff and secure her trust and confidence, for the purpose of defrauding her, and that they did not defraud her, was competent and material to the issues, was received without objection, and was sufficient to sustain the facts found.

[2] ID.—INSUFFICIENCY OF ANSWER—NEGATIVE PREGNANT—REMEDY OF PLAINTIFF.—If the plaintiff wished to rely upon the alleged insufficiency of the answer of the defendants, her contention on appeal being that such answer was a negative pregnant and admitted all the essential facts alleged in the complaint, she should have interposed a demurrer, or made a timely motion for judgment on the pleadings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Frank H. Dunne, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Arthur Brand for Appellant.

Leo H. Susman for Respondents.

WASTE, P. J.—The plaintiff brought this action, seeking to recover the sum of two thousand dollars, which she alleges she was fraudulently induced to loan to the defendants in July, 1908, and to have the amount decreed to be a lien upon property of defendants.  The trial court found specifically in favor of the defendants.  Judgment was entered accordingly and plaintiff has appealed on the judgment-roll alone, claiming that because of the failure of the defendants to deny certain allegations of the complaint, the answer became a negative pregnant, entitling plaintiff to judgment.  No motion for judgment on the pleadings appears to have been made.

According to the allegations of the complaint, in July, 1904, respondents, one of whom is the daughter of the plaintiff, represented to her that they were married, in which belief the plaintiff remained until September, 1918. In June, 1908, so it is alleged, the respondents, learning that plaintiff had on deposit in a savings bank the sum of two thousand dollars, conspired to obtain the money from her.  Accordingly, by means of undue influence obtained over plaintiff by reason of her trust and confidence in them, due to the supposed family relationship which she believed the defendant F. Gray bore to her, the defendants induced the plaintiff to let them have the use of the money, upon the promise that they would repay the same at the end of nine years, together with interest at the savings bank rate.  This money, it is alleged, the defendants invested in a dwelling-house and lot of land in San Francisco, of which they are still the owners and upon which it is alleged they have declared a homestead.  This alleged loan has never been repaid.

In 1918 the plaintiff learned that in 1903, and for a long time theretofore, the defendant F. Gray had been married to a woman other than her daughter, and that in that year he had commenced an action against his said wife for a divorce. After due hearing the superior court awarded 'said Gray, and there was entered, an absolute decree of divorce in his favor, although sections 131 and 132 of the Civil Code, requiring the entry of interlocu tory decrees of divorce in such actions, were in force and effect. The further allegation is that by reason of the re fusal and failure of Gray to obtain an interlocutory decree of divorce from his said wife he never has been divorced; and that the defendants did not marry in July, 1904, but only pretended to be married, and thereby deceived the plaintiff, in order to obtain an undue influence over her for the purpose of defrauding her out of the two thousand dollars.

The defendants denied specifically every allegation of the complaint, other than the averment as to the divorce ac tion. As to that, they denied that defendant Gray failed, or refused to obtain an interlocutory decree of divorce, and alleged that defendants are husband and wife. As an affirmative defense, the defendants alleged that the money was a gift to them, which the plaintiff is now seeking to convert into a loan.

Because the defendants do not specifically deny that they were not married at the time when the alleged undue influ ence was practiced upon the plaintiff and the money ob tained, appellant now argues that the answer is a negative pregnant, and admits all the essential facts alleged in the complaint. [1] Her theory, as stated by her, is that the action is not to recover a loan, but to establish a trust, and it is immaterial whether the money paid to the re spondents under the circumstances described in the com plaint, which payment is not denied, was intended as a gift, or a loan, for it would be a trust in either case. A gift to a supposed son-in-law, and a daughter supposed to be lawfully married, to establish a home, she contends, would become a trust if the representation of marriage were false and fraudulent. Assuming appellant's conten tion to be a correct statement of law so far as it goes, the trial court found that the plaintiff gave the money

to the defendants, and that by this action she is attempting to convert that gift into a loan. It further found that the defendants are now husband and wife; that the plaintiff did not place either confidence or trust ·in them, and that they did not, nor did either of them, use any deception to obtain an undue influence over plaintiff to secure her trust or confidence, for the purpose of defrauding her, and that they did not defraud her. In the absence of any transcript of the testimony or bill of exceptions it will be assumed on this appeal that the evidence presented in support of the findings was competent and material to the issues, was received without objection, and was sufficient to sustain the facts found. (*Damon* v. *Quinn,* 143 Cal. 75, 77, [76 Pac. 818]; *Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692, 695, [75 Pac. 564]; *California Canneries Co.* v. *Great Western Lumber Co.,* 44 Cal. App. 69, 72, [185 Pac. 1008]; *Brett* v. *Vanomar Producers,* 45 Cal. App. 286, 290, [187 Pac. 758].) **[2]** If the appellant wished to rely upon the alleged insufficiency of the answer of the defendants, she should have interposed a demurrer, or made a timely motion for judgment on the pleadings. (*Tibbets* v. *Blade,* 60 Cal. 428, 430.) The parties went to trial without objection, upon the theory that the issues were well defined. The ultimate finding was against the appellant. The evidence given at the trial furnished the reason for the finding, and if the reason was not sufficient, the evidence should have been brought here and the finding challenged. (*Brett* v. *Vanomar Producers, supra; Weidenmueller* v. *Stearns Ranchos Co.,* 128 Cal. 623, 626, [61 Pac. 374].)

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.