[Civ. No. 3195.    Third Appellate District.—December 28, 1926.]

E. E. CURTIN, etc., Respondent, v. M. I. SALOMON, Appellant.

[1] PLEADING—ANSWER—COMPLIANCE WITH SECTION 2466, CIVIL CODE —NAMES—DENIAL ON INFORMATION AND BELIEF.—A denial in an answer "that plaintiff or his assignors had not complied with section 2466 of the Civil Code," relating to doing business under a fictitious name, cannot be made upon information and belief.

[2] ID. — EXISTENCE OF FACT — PUBLIC RECORDS — DENIAL.—When the existence of a fact may be ascertained from an inspection of a public record, its existence cannot be put in issue by a denial based solely upon information and belief.

[3] ID.—ACTION FOR GOODS SOLD — CORPORATIONS — DENIAL OF CORPORATE CAPACITY—LACK OF SUFFICIENT INFORMATION.—In an action upon assigned claims for goods, wares, and merchandise sold, denial of the corporate capacity of plaintiff's assignor cannot be based upon lack of sufficient information.

[4] ID. — SECTION 437, CODE OF CIVIL PROCEDURE — ALLEGATIONS OF COMPLAINT — DENIAL UPON INFORMATION AND BELIEF. — Under section 437 of the Code of Civil Procedure, a denial of the allegations of the complaint can only be made upon a want of both information and belief.

[5] ID.—ANSWER—AFFIRMATIVE ALLEGATIONS—EVIDENCE—JUDGMENTS. In an action for goods, wares, and merchandise sold, where defendant affirmatively pleaded delay in delivery and defects reducing the value of the goods delivered, his refusal to go forward with

---

2.    See 21 Cal. Jur. 150; 21 R. C. L. 458.
3.    See 21 Cal. Jur. 151.
4.    See 21 Cal. Jur. 152.

proof of his affirmative allegations on motion of plaintiff entitled plaintiff to judgment on the pleadings.

[6] DEPOSITIONS — CLAIMED IRREGULARITIES IN TAKING — EVIDENCE. — Where a deposition was never completed or signed by defendant but was introduced in evidence only as his statement and not as his deposition, error may not be based on alleged irregularities in taking the deposition.

[7] TRIAL — PARTIES — SUBSTITUTION. — Substitution as party plaintiff of one shown to have succeeded to all the rights of the plaintiff in the action is properly allowed under section 385 of the Code of Civil Procedure.

[8] ID. — DEPOSITIONS — EVIDENCE. — An objection· that the deposition of defendant was taken before a notary public who was later substituted as plaintiff is without merit, where the so-called deposition was taken by stipulation before a stenographer and was not certified to, completed, or signed but used only as a statement of defendant and not as a deposition.

[9] PLEADING—COMPLAINT—NONCOMPLIANCE WITH SECTION 2466, CIVIL CODE—NAMES—DEFENSES.—Noncompliance with section 2466 of the Civil Code, in respect to the filing and publication of notice to do business under a fictitious name, constitutes matter of special defense to be raised by answer and need not be affirmatively alleged in the complaint.

[10] TRIAL — PARTIES — SECTION 2466, CIVIL CODE — SUBSTITUTION — JUDGMENTS.—An action for goods, wares, and merchandise brought by a plaintiff doing business under a fictitious name who has complied with section 2466 of the Civil Code may go to final determination under the name of the original plaintiff, and an objection that no showing has been made that a substituted plaintiff has complied with that code section is not tenable, where such substituted plaintiff does not come into the cause until after entry of judgment.

[11] CORPORATIONS — ACTION ON CONTRACT — DENIAL OF EXISTENCE OF CORPORATION—ESTOPPEL.—When one has contracted with an alleged corporation, and is sued for failure to perform his contract, he cannot be heard to say that the corporation has no existence and for that reason no contract was made.

---

(1) 31 Cyc., p. 200, n. 6, p. 202, n. 19.   (2) 31 Cyc., p. 202, n. 19. (3) 31 Cyc., p. 202, n. 21.   (4) 31 Cyc., p. 202, n. 21.   (5) 31 Cyc., p. 615, n. 15 New.   (6) 18 C. J., p. 746, n. 65 New.   (7) 1 C. J., p. 150, n. 2, p. 151, n. 3.   (8) 18 C. J., p. 746, n. 65 New.   (9) 29 Cyc., p. 270, n. 43.   (10) 1 C. J., p. 150, n. 2; 29 Cyc., p. 270, n. 43. (11) 14 C. J., p. 228, n. 14.

7.  See 20 Cal. Jur. 547.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton A. Nathan for Appellant.

Walter Christie and Paul A. McCarthy for Respondent.

PLUMMER, J.—Action by plaintiff for goods, wares, and merchandise upon assigned claims. Plaintiff had judgment and defendant appeals. Two appeals are presented upon one transcript, one from the judgment and one from the order of substitution of E. M. Casey as party plaintiff.

The transcript shows substantially the following facts: The American Type Founders Company, a New Jersey corporation, authorized to transact business in the state of California, maintains a branch in San Francisco, and also owns and does business in an allied industry under the designation of Printers Machinery Supply Company. Section 2466 of the Civil Code, relating to doing business under a fictitious name, appears to have been complied with. The appellant owned and operated two printing establishments, one in San Francisco and one in Los Angeles. Appellant purchased certain wood type at the agreed price of $1,631.82 from the American Type Founders Company, which was delivered to him in Los Angeles; appellant also purchased from Printers Machinery Supply Company a printing-press and certain supplies at the agreed price of $3,624.40. This press and supplies were also delivered in Los Angeles. Appellant has paid nothing to the American Type Founders Company on the purchase price of the wood type; on the purchase price due to Printers Machinery Supply Company, appellant has paid the sum of $1,000. The claim of the American Type Founders Company was assigned to D. A. Curtin, as likewise was the claim of Printers Machinery Supply Company. D. A. Curtin is a fictitious person, under which E. E. Curtin, the original plaintiff, did business. This plaintiff had also complied with the requirements of section 2466 of the Civil Code.

The answer of the appellant admitted the purchase of the merchandise referred to and then sets forth certain affirma-

tive matters, to wit: That the merchandise ordered from the American Type Founders Company at the agreed price of $1,631.82 was to be delivered to him in Los Angeles, free and clear of freight and cartage charges, but was delivered subject to such charges and the appellant had to pay therefor the sum of $200; that there was delay in the delivery of said merchandise, which reduced the value of said merchandise to $500 less the sum of $200 paid out by him and that there was not due to plaintiff upon account of the purchase of said merchandise any other than the sum of money so admitted; that the press purchased by the appellant was for the sum stated in plaintiff's complaint; that said press was to be in good working condition, with no broken parts; that the press had never been in good working condition and certain parts were broken; that by reason of which the press was worth only $1,500, on which he had paid the sum of $1,000, leaving a balance due of $500. The defendant then alleged his willingness to pay this sum and allow judgment to be entered therefor.

The answer of the appellant purported to deny the assignment of the claims to the plaintiff; also purported to deny the incorporation of American Type Founders Company; also purported to deny compliance with section 2466, Civil Code. These denials are in the following form: "Said defendant avers that he has not sufficient information on the subject sufficient to enable him to answer paragraph 1 of said second amended complaint and basing his denial upon said ground, the said defendant denies," etc. This denial refers to the doing of business under the fictitious name of D. A. Curtin by the plaintiff and also the filing of the necessary certificate by the plaintiff. On the same ground the defendant denies that the American Type Founders Company is a corporation, etc.; on the same ground denies that said American Type Founders Company had filed the necessary certificate. Changing the wording slightly, the answer reads: "Defendant avers that he has not sufficient information on the subject sufficient to enable him to answer the allegations contained in paragraph 4 of said second amended complaint and basing his denial upon said ground, said defendant denies that heretofore or prior to the commencement of this action said American Type Founders Company transferred its indebtedness to the plaintiff." After deny-

ing the indebtedness of the Printers Machinery Supply Company and alleging the matters which we have hereinbefore stated, the defendant follows the form of denial herein last set forth in denying the assignment of said claim to the plaintiff. The allegation in the complaint of business being done under the firm name and style of Printers Machinery Supply Company, a fictitious name, is undenied.

All the grounds urged upon this appeal for reversal are strictly technical. There does not seem to be a single assignment of error which has anything of merit, or tending in the least to show that the defendant had any reasonable cause whatever to contest the entry of judgment in the lower court for the value of the merchandise sold and delivered to the defendant, as alleged by the plaintiff's assignors. For this reason we do not deem it necessary to set out the proof in the transcript establishing the facts alleged in plaintiff's complaint, but will content ourselves with saying that the transcript contains sufficient testimony to support the findings of the trial court. We do this because there is a sufficient technical answer to every technical objection made by the appellant. [1] The denials in the answer that the plaintiff and the plaintiff's assignors had not complied with section 2466 of the Civil Code, could not be made upon information and belief. In this case the denial is not even upon information and belief, but simply setting forth that the defendant has not sufficient information upon which to deny the allegations in the complaint, and basing his denial upon the lack thereof, denies, etc. [2] The law is well settled, as stated in *Art Metal Const. Co.* v. *A. F. Anderson Co.*, 182 Cal. 29 [186 Pac. 776], that: "When the existence of a fact may be ascertained from an inspection of a public record, its existence cannot be put in issue by a denial based solely upon information and belief." (See, also, *Lincoln County Bank* v. *Fetterman*, 170 Cal. 357 [149 Pac. 811]; *Mulcahy* v. *Buckley*, 100 Cal. 484 [35 Pac. 144]; *Montgomery* v. *Fidelity & Deposit Co.*, 69 Cal. App. 251 [230 Pac. 993]; *Yokohoma Specie Bank* v. *Trans. Oceanic Co.*, 54 Cal. App. 533 [202 Pac. 346].)

[3] The denials as to the corporate capacity of plaintiff's assignor is likewise insufficient to raise an issue. [4] Section 437 of the Code of Civil Procedure permits a defendant

who has no information or belief upon the subject sufficient to enable him to answer the allegations of a complaint to base its denial thereon, but he cannot base his denial simply upon lack of information. He can only do so upon a want of both information and belief. The answer in the form filed in this case tenders no issue. (*Naftzger* v. *Gregg,* 99 Cal. 83 [37 Am. St. Rep. 23, 33 Pac. 757] ; *Turner* v. *Watkins,* 36 Cal. App. 503 [172 Pac. 620] ; *Nave* v. *Graham,* 37 Cal. App. 332 [174 Pac. 76].) Thus it appears that in compliance with section 2466 of the Civil Code the corporate existence of the American Type Founders Company stands admitted in this cause and, also, the doing of business by the Printers Machinery Supply Company is admitted and required no proof, even though the trial court did require proof to be made.

[5] At the beginning of the trial the plaintiff moved that the defendant be required to submit proof as to the affirmative allegations contained in his complaint. The defendant declining to go forward, the plaintiff moved for judgment upon the pleadings. This was in accordance with the procedure laid down in the cases cited in *Cooney* v. *Gray,* 49 Cal. App. '664 [194 Pac. 61]. The court denied the motion for judgment on the pleadings. It is evident the plaintiff's motion should have been granted. The plaintiff then made proof of the sale and delivery of merchandise as alleged in the pleadings and also made proof of all other matters therein contained. The defendant offered no proof.

[6] Objection is made that there was irregularity in the taking of the deposition of the defendant. The record shows, however, that this deposition was never completed, was never signed by the defendant, and was introduced only as his statement and not as his deposition. [7] After the trial had been concluded, judgment entered and motion for a new trial denied, upon the application of E. M. Casey, showing that he had succeeded to all the rights in this action theretofore owned and possessed by E. E. Curtin, substitution of plaintiff was ordered. It is from this order that the appellant also appeals. The record shows that at the time of the institution of the action the cause of action was owned and possessed by E. E. Curtin; that during the continuance of the action all the rights of the plaintiff were assigned and set over to E. M. Casey. Section 385 of the Code of Civil Procedure expressly provides that in such cases the assignee

may be substituted as the party to whose interest he has succeeded, or that the action may be continued in the name of the original party. (See, also, *Northern Ry. Co.* v. *Jordan*, 87 Cal. 23 [25 Pac. 273]; *Hohn* v. *Pauly*, 11 Cal. App. 724 [106 Pac. 266]; *Walsh* v. *Soule*, 66 Cal. 443 [6 Pac. 82].)

[8]   The objection is further assigned that the so-called deposition of the defendant to which we have referred was taken before E. M. Casey, as a notary public. The record shows, however, that the so-called deposition of the defendant was taken by stipulation before a stenographer and that E. M. Casey, the notary public before whom it purported to be taken, need not be present. The deposition, however, was not certified to, never completed, never signed, and, therefore the objection of the defendant is without merit. As a statement of the defendant no objection appears to have been made to its admission and, therefore, it does not require any further consideration on our part. The assignment of the plaintiff E. E. Curtin was first made to E. J. Casey and E. M. Casey and then fully taken over by E. M. Casey.

[9]   Objection is now made that there is no showing that E. M. Casey has complied with section 2466 of the Civil Code. As stated in *Amundson* v. *Shafer*, 36 Cal. App. 398 [172 Pac. 173], noncompliance with the code in respect to such filing and publication constitutes matter of special defense to be raised by answer and need not be alleged affirmatively.

[10]   Furthermore, as the law permits an action of this kind to go to final determination under the name of the original plaintiff, who has complied with the section, we do not very well see how this objection is tenable when E. M. Casey does not come into the cause until after entry of judgment.

[11]   It is further insisted that the doing of business under the designation of "Printers Machinery Supply Company" is beyond the power of the American Type Founders Company, a corporation, and, therefore, that recovery cannot be had for the value of the press sold and delivered to the defendant. In this particular, the appellant admits that he has found no authority on the subject and simply presents for our consideration sections 354 and 355 of the Civil Code, in connection with section 2466 of the same code, and insists that compliance with the latter section is not sufficient. It

is not necessary for us to determine whether a foreign corporation can or cannot, or whether a domestic corporation can or cannot, do business in this state under a fictitious name, for the simple reason that there is another principle announced which estops a creditor from using this convenient method of discharging his obligation. In *Yancy* v. *Morton,* 94 Cal. 558 [29 Pac. 1111], we find the following: "It is alleged that the San Joaquin Lumber Company, the assignor of the plaintiff, is a copartnership formed from the Hanford Lumber Company and the Puget Sound Lumber Company (corporations). The legality of the formation of the partnership is attacked by defendant, but under the principles of *Fresno Canal & Irr. Co.* v. *Warner,* 72 Cal. 383 [14 Pac. 37], and cases there cited, the defendant is estopped from making such a defense. It is there decided that 'when one has contracted with an alleged corporation, and is sued for failure to perform his contract, he cannot be heard to say that the corporation has no existence, and for that reason no contract was made.' " This rule applies both ways. Thus, in *Karns* v. *Olney,* 80 Cal. 90 [13 Am. St. Rep. 101, 22 Pac. 57], the court says: "When the owners of land use a corporate name in making a contract for its sale, and instruct their agent to prepare and sign the contract in that form, they cannot impeach the contract because made in such name." In *Fresno Canal etc. Co.* v. *Warner* [13 Am. St. Rep. 101, 22 Pac. 57], *supra,* the following statement found in *Lehman* v. *Farner,* 61 Ala. 455, is quoted with approval: "It is too well settled now to be controverted that a party who contracts with a corporation, whether it be by subscription for its stock, or by promissory note, bond, mortgage, or other form of contract, is estopped from denying the existence of the corporation," and then adds: "It has often been said that when a corporation sues, its corporate existence must be shown, if it is controverted. When the action is against one contracting with it in its corporate capacity, the contract furnishes the evidence," quoting also from *Close* v. *Glenwood Cemetery,* 107 U. S. 477 [27 L. Ed. 408, 2 Sup. Ct. Rep. 275, see, also, Rose's U. S. Notes], "one who deals with a corporation as existing in fact is estopped to deny as against the corporation that it has been legally organized." Other cases are also there cited, but the foregoing are sufficient to show that appellant is not in a position

to raise that technical defense as a bar to the collection of the money due for the merchandise purchased by him.

It may be further stated that the substitution of E. M. Casey as plaintiff in this action was caused by the fact that some time after judgment was entered herein E. E. Curtin died.

The appellant in this case having chosen to introduce no evidence whatever to establish the affirmative allegations of his answer and the other matters appearing, which we have stated, there appears no valid reason why we should lengthen this opinion by setting forth testimony showing that the findings of the trial court, upon which the judgment is based, are supported.

The judgment and the order are affirmed.

Preston, J., *pro tem.,* and Finch, P. J., concurred.